## ILLINOIS STATE BOARD OF DENTAL EXAMINERS
## v.
## THE PEOPLE, EX REL., ETC.

1. MANDAMUS.—A petition for a mandamus to compel the State Board of Dental Examiners to issue a license to relator to practice dentistry. The petition set forth that relator tendered the proper fee for a license and presented to the board a diploma issued to him by a dental college regularly organized, which complied in all respects *with the rule of the board defining reputable colleges*, and that the board, knowing such college to be reputable, refused relator his license, to the injury of relator, and falsely, fraudulently and maliciously, and with the purpose of unjustly discriminating against the the Northwestern college, from which he had received his diploma, and in favor of a college in which four out of the five members of the board were pecuniarily and professionally interested, pretended to find that said Northwestern college was not a reputable college. The Board of Dental Examiners demurred to such petition. *Held*, that the court below properly overruled the demurrer and awarded the writ of mandamus.

2. JUDICIAL DISCRETION—EXERCISE OF, BY PRESCRIBING RULE.—Where a State board is vested by statute with a discretion judicial in its nature to determine what colleges are reputable, when such board prescribes a general rule or regulation specifying that " it will recognize as reputable only such colleges as require " etc., it has exercised its judicial power, and so long as the rule is in force, only the ministerial act remains to be done.

3. ABUSE OF DISCRETION.—Where discretion is vested it can not be exercised arbitrarily, for the gratification of feelings of malevolence, and for the attainment of merely personal and selfish ends. When a discretion is abused and made to work injustice, it is admissible that it shall be controlled by mandamus.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding. Opinion filed December 22, 1886.

A petition for mandamus was filed in the circuit court, which petition is in the words following:

State of Illinois, County of Cook, ss. In the circuit court, of the June term, A. D. 1886.

To the Honorable Lorin C. Collins, one of the judges of the said court.

Your petitioner, the people of the State of Illinois, on the relation of John M. Cooper, respectfully shows unto your Honor that relator is a resident of the city of Chicago, county of Cook and State of Illinois, and is a citizen of said State, of lawful age.

The relator further shows that having selected the practice of dentistry and dental surgery as his profession and life work, in order to fit and prepare himself for said profession and work, he did, on or about the 4th day of November, 1884, enter and matriculate as a student in the Chicago College of Dental Surgery, an institution situated in the said city of Chicago, organized for the purpose of and engaged in educating persons who might become students therein, in the theory and practice of dentistry and dental surgery.

That relator remained as such student in said college, and diligently prosecuted his studies therein throughout the whole course of instruction, of not less than five months, given by said college during the years 1884 and 1885, and that during the summer and fall of 1885 he was engaged in receiving practical instruction in dentistry and dental surgery up to the time of entering, as a student, the dental college hereinafter named.

Relator further shows that on, to wit, the 2d day of November, 1885, he entered the Northwestern College of Dental Surgery and matriculated as a student therein. That said last named institution was then and is now an institution organized for the purpose and engaged in educating persons who become students therein in the theory and practice of dentistry and dental surgery, and was duly incorporated and organized under the laws of the State of Illinois, October, 1885, and is now, and has been since its organization, a reputable dental college, duly authorized by the law of this State, in which there was at the time of the issue of the diploma to relator, as hereinafter mentioned, annually delivered a full course of lectures and instruction in dental surgery, not less than five months in length.

Relator further shows that he attended regularly and faithfully said last mentioned college, as a student therein,

during the one full, regular course of instruction held and given in said last mentioned college during the years 1885 and 1886, which course was of not less than five months duration. That relator thus completed two regular, full five months courses in the practice of dentistry and dental surgery, one in each of said colleges, said courses being had in separate years, with practical instruction intervening between the two courses.

Relator further shows that on certification and proof of the above facts, the said Northwestern College of Dental Surgery graduated your petitioner in due form on the 3d day of April, 1886, and thereupon, to wit, on the day and year last aforesaid, a diploma was issued to your petitioner by the faculty of said Northwestern College of Dental Surgery, duly certified by the signatures of the members of the faculty of said college, and the officers thereof, conferring upon petitioner the title and degree of Doctor of Dental Surgery.

Relator further shows that the said Northwestern College of Dental Surgery has in all respects complied with the requirements of the law of the State relating to and regulating the practice of dentistry in the State of Illinois, and is in all respects a reputable dental college, and has been decided to be entitled to be recognized as reputable by said State Board of Dental Examiners, by strictly complying with the standing rule of said State Board of Dental Examiners, which was adopted by said board in September, 1884, and has been since June, 1885, and still is, the rule of said board for the recognition of dental colleges as reputable, which rule is as follows:

" Resolved, that after June, 1885, the Illinois State Board of Dental Examiners will recognize as reputable only such dental colleges as require, as a requisite for graduation, attendance upon two full, regular courses of lectures and practical instruction ; which courses shall each be of not less than five months duration, and shall be held in separate years with practical instruction intervening between the courses. Such colleges must also require a preliminary examination before admitting students to matriculation, provided that no certificate from a high or normal school, or other literary institution is presented by the candidate."

Relator avers that said Northwestern College of Dental Surgery has, from its organization and during the time your relator was a student therein, strictly and entirely complied with all and each of the requirements of said rule, and was so complying with the same at the time the diploma was issued to relator; and that by virtue of said compliance, and by virtue of the terms of said standing rule, the said college has been recognized by the said State Board of Dental Examiners as a reputable dental college, and was so recognized at the time of the presentation to said board of the diploma of relator, as hereinafter set forth, and is still so recognized.

Relator further shows to the court that, desiring to engage in the practice of his profession of dentistry, he afterward, to wit, on or about the 11th of May, 1886, presented his said diploma, so received from the faculty of the Northwestern College of Dental Surgery, duly authorized, to the Illinois State Board of Dental Examiners, at a regular meeting of said board held in the city of Rock Island, Illinois, on or about the 11th day of May, 1886, and tendered to said board a fee of one dollar as provided by law, and demanded that said board issue to him, the relator, a license to practice dentistry in the State of Illinois, as provided by law.

Relator further shows to the court that it was the duty of said Board of Dental Examiners, upon the presentation of said diploma and the tender of the fee of one dollar, as aforesaid, to said board by said relator, and the demand as aforesaid, to ascertain, if it was not already informed, whether the said Northwestern College of Dental Surgery had complied with the above mentioned rule of said board, as to recognition as to being reputable, and finding it had so complied and was under said rule to be recognized by said board as reputable, as aforesaid, to issue to relator a license to practice dentistry in the State of Illinois, but that said Board of Dental Examiners, not regarding their duty in this behalf, thereupon, to wit, upon the day and year aforesaid, refused and neglected to issue to relator a license to practice dentistry in this State, and have continually refused and still do refuse to issue to relator such license.

Your relator further shows that after waiting for his license for a reasonable time after making application therefor in the manner aforesaid, he afterward, to wit, on the 25th day of May, 1886, wrote to George H. Cushing, secretary of the said Illinois State Board of Dental Examiners, and inquired why his license had not been issued, to which inquiry he received a reply of which the following is a copy :

"Illinois State Board of Dental Examiners.

Chicago, May 26th, 1886.

Dr. J. M. Cooper,

Dear Sir :—In reply to yours of 25th I would say that the matter of issuing a license on your diploma from the Northwestern College of Dental Surgery was referred to the National Association of Dental Examiners, which will meet in August. Until their decision I can not issue any license.

Resp'y yours,

Geo. H. Cushing.

Sect. Ill. St. Bd. Den. Exs.

P. S.—I return herewith the $1.

G. H. C."

Relator shows that the said Board of Dental Examiners not only refused to issue him the license to which he was entitled, and returned to him the dollar paid by him to said board for such license as required by law, but voluntarily assumed to refer the application of relator to a so-called National Association of Dental Examiners for decision as to whether relator could have license to practice dentistry in the State of Illinois, which he has by law a right to ; thus unlawfully, willfully and designedly usurping powers not given said board by law, and neglecting, failing and refusing to perform the duty imposed by law upon said board, in reckless disregard of the rights of relator, and of their obligations to the people of the whole State.

Relator further shows that the said so-called National Association of Dental Examiners is, as your relator is informed and believes, a mere voluntary association of men who meet in convention in Saratoga in the State of New York, in August next ; that it is composed mostly of men residing out-

side of the State of Illinois, and is clothed with no executive or legal power to decide upon the rights of relator, or any one else, to a license to practice dentistry in the State of Illinois. That in pretending to refer the question to a voluntary and irresponsible body of men outside the State of Illinois, clothed with no legal power, said State Board of Dental Examiners refused to perform the functions of the office for which such board was created, and for which said board was constituted and appointed.

Relator further shows that after the above described action was taken by the board, he employed an attorney to bring suit for mandamus against said board of Dental Examiners to compel them to issue to your relator his license to practice dentistry in the State of Illinois, which he was entitled to by law, and that his attorney was preparing a petition for that purpose when the State Board of Dental Examiners, by and through a written official communication signed by the secretary of said board, notified relator's attorney, that if he would wait before commencing a suit for mandamus a reasonable time, the said board would call a meeting as soon as practicable and would issue to relator a license to practice dentistry in the State of Illinois, as aforesaid, and repeated said promise to issue said license as soon as they could have a meeting, both to relator and his attorney; and that relator's attorney did wait as requested by said board, for it to have a meeting and issue said license as the board had promised and were required by law to do, and that said board held a meeting as promised in the city of Chicago in said State, on the 24th and 25th of June, A. D. 1886, and instead of issuing said license to relator, as promised, the said board refused to issue such license to relator and falsely and fraudulently pretended then to find that said Northwestern College of Dental Surgery was not a reputable college.

And relator avers that said last mentioned action of the board was not taken as the deliberate judgment of the board after due inquiry as to whether said dental college was reputable or not, and was not based upon proper evidence to that effect, but such action was taken arbitrarily, with the wicked

and malicious design, solely, of depriving relator of the license
and right to practice dentistry in the State of Illinois, on ac-
count of the malice of the members of said board toward
relator, because he had left the said Chicago College of
Dental Surgery, after attendance there of one course, and had
graduated at the said Northwestern College of Dental Sur-
gery, and for the further wicked and malicious design of
injuring the said Northwestern College of Dental Surgery,
and preventing it from getting patronage by arbitrarily and
wickedly refusing to license its graduates.    The cause of such
malice and hatred of said Board of Dental Examiners being
hereinafter fully set forth.

Relator further shows that at the time of the refusal of said
board to issue license to relator, the said board well knew that
the said Northwestern College of Dental Surgery was a rep-
utable dental college, duly organized under the laws of the
State of Illinois, and well knew that said college had fully com-
plied with the rule adopted by said board for the recognition
of dental colleges as reputable by said board, and well knew
that said board had already recognized said dental college as
being reputable.

Relator further shows that said State Board of Dental Ex-
aminers consists by law of five persons, and that the persons
composing said board at the time of refusing to issue said
license and now, were as follows: G. V. Black, A. W. Har-
lan, Homer Judd, C. A. Kitchen and George H. Cushing, and
that four of the five members of said board, to wit, G. V. Black,
A. W. Harlan, George H. Cushing and C. A. Kitchen, are
interested in and connected with the said Chicago College of
Dental Surgery, either as members of the faculty or as in-
structors in the same.    That the said Chicago College of Dental
Surgery is an older dental college in the city of Chicago than
the Northwestern College of Dental Surgery, from which pe-
titioner graduated and received his said diploma, the said last
mentioned college having been organized as such only in 1885.
That the two colleges aforesaid are rivals and competitors for
patronage of students, and reputation as institutions for teach-
ing dentistry and dental surgery, and that the said State Board
of Dental Examiners is entirely under the control of the said

Chicago College of Dental Surgery, and four fifths of said board belonging to said Chicago college, the said board is determined, if possible, to cripple and destroy the said Northwestern College, and for that reason are willing to abuse, and in the acts above mentioned have shamefully abused their power as such officers and members of such State Board to protect the college to which they belong from competition and to destroy and cripple a rival.

And relator charges the fact to be that the said State Board of Dental Examiners, controlled by the said Chicago College of Dental Surgery, intend and design by their action in refusing a license to relator, not only to prevent relator from practicing his profession for which he has, at great expense of time and money, fitted himself, and which he is lawfully entitled to practice, but also to hinder and cripple and destroy the said Northwestern College of Dental Surgery, by unlawfully and maliciously withholding from its graduates license to practice dentistry in the State of Illinois; thus deliberately abusing the powers in them vested and prostituting them to the malicious design and purpose, as relator verily believes, of destroying and crushing out an honorable rival, which in all its appointments and requirements for dental education is just as reputable and complete as is the Chicago College of Dental Surgery, which the said board is thus wrongfully endeavoring to protect, all of which the said board and the members thereof well know.

Relator therefor distinctly charges that said State Board of Dental Examiners, in total and reckless disregard of the duties of their office, refuse to perform the duties which they are required by law to perform; and they have, so far as relator's rights are concerned, endeavored to evade the performance of their duties by pretending to shift the performance of those duties upon a voluntary association outside of the State, and that the said board has, in the actions aforesaid, deliberately, wantonly, recklessly and maliciously abused the power and discretion vested in it by law, and still continues so to do, in flagrant and outrageous disregard of relator's rights, and the rights of the people of the State.

Relator further shows that he has at great expense, and in

the manner aforesaid, qualified himself for the practice of said profession; that he has spent much time and money in such preparation, and desires to make it his life profession, and that he depends upon the same for a living, and that by the failure and refusal of said Board of Dental Examiners to so issue and grant relator a license to practice dentistry as aforesaid, he, the relator, has been prevented from practicing dentistry in this State, as he is lawfully and by right entitled to do, and still is so prevented; that he is a citizen and resident of, and desires to remain in the State and follow the practice of dentistry for which he has prepared himself.

Relator further shows that the questions here presented not only involve the individual rights of the relator, which are of grave importance to him, but the right of dental colleges, other than the said Chicago College of Dental Surgery, to which four out of five of said board belong, to exist and be recognized as reputable, after complying with all the provisions of the law of the State and the rules established by the said State Board, and also the right of the whole State to have the said State Board of Dental Examiners perform their duty and issue license to applicants who come within the law and the rules established by said board, without arbitrarily, unlawfully and maliciously referring the rights of citizens to irresponsible self-constituted associations, outside of the State, and unknown to any of the provisions of our laws.

Wherefore, being without other adequate legal remedy, relator makes the said Illinois State Board of Dental Examiners and each member thereof, to wit: G. V. Black, A. W. Harlan, Homer Judd, O. A. Kitchen, and George H. Cushing, parties defendant to this petition, and prays for the people's writ of mandamus directed to said board and each member thereof, commanding them forthwith to receive from relator the fee of one dollar, which is hereby rendered as required by law, and upon proof of diploma of relator being presented to said board to issue relator a license in the usual form, to practice dentistry. and dental surgery in the State of Illinois.

JOHN M. COOPER.

Subscribed and sworn to.

A general demurrer to the petition was filed by the respondents, which was overruled by the court, and respondents electing to stand by their demurrer, there was judgment in accordance with the prayer of the petition. To reverse the judgment respondents bring the record to this court by appeal.

Mr. GEORGE HUNT, Mr. JAMES P. ROOT, and Mr. SIDNEY C. EASTMAN, for appellant; that if the right to a mandamus is doubtful, it will be refused, cited People v. Davis, 93 Ill. 133; People v. Mayor of Chicago, 51 Ill. 17; People v. C. & A. R. R. Co., 55 Ill. 110 ; City of Ottawa v. People, 48 Ill. 223; Canal T. v. People, 12 Ill. 254; People v. Klokke, 92 Ill. 138; People v. Masonic B. Asso., 98 Ill. 636; Zanone v. Mound City, 103 Ill. 553.

Messrs. CAMPBELL, HAMILTON & CUSTER, for appellee; that the board may exercise its discretion in any reasonable manner it may see fit, and in this case, having exercised its discretion by the adoption of a general rule as to what dental colleges would be recognized as reputable, the board is bound by that rule so long as it stands as such, cited Zanone v. Mound City, 103 Ill. 552; Wood on Mandamus, 19.

The discretion vested can not be exercised arbitrarily for the gratification of feelings of malevolence, or for the attainment of merely personal and selfish ends : Village of Glencoe v. People, 78 Ill. 389; Tapping on Mandamus, 66; Moses on Mandamus, 55; Wood on Mandamus, 64; People v. Osterhout 13 Barb. 206; Arberry v. Beavers, 6 Tex. 457.

MORAN, J. The common law right of every person to practice dentistry is restrained in this State, by an act approved May 30, 1881, which makes it unlawful for any person not at the time of the passage of said act engaged in the practice of dentistry in this State, to commence such practice "unless such person shall have received a diploma from the faculty of some reputable dental college duly authorized by the laws of this State, or of some other of the United States, or by the laws of some foreign country, in which college or colleges

there was, at the time of the issue of such diploma, annually delivered a full course of lectures and instruction in dental surgery." Section 2 of said act creates a Board of Examiners, to consist of five practicing dentists, "whose duty it shall be to carry out the purposes of the act." Section 6 provides for the licensing of persons who shall, upon an examination by the board at any of its regular meetings, be found to possess the requisite skill and knowledge in dental surgery, and to possess the requisite qualifications to practice dentistry, "but said board shall at all times issue a license to any regular graduate of any reputable dental college without examination, upon the payment by such graduate to the said board of a fee of $1."

The question is whether the relator in this case has, by the facts alleged in his petition and admitted by the demurrer, shown himself entitled to a license from the Board of Examiners, under the terms of the clause of the statute last above quoted. It is alleged that the Board of Examiners, in September, 1884, adopted a standing rule for the recognition of dental colleges as reputable, which rule is as follows: "Resolved that after June, 1885, the Illinois State Board of Dental Examiners will recognize as reputable only such dental colleges as require, as a requisite for graduation, attendance upon two full regular courses of lectures and practical instructions; which courses shall each be of not less than five months duration, and shall be held in different years, with practical instructions intervening between the courses. Such colleges must also require a preliminary examination before admitting students to matriculation, provided that no certificate from a high or normal school, or other literary institution, be presented by the candidate." It is further alleged that the Northwestern College of Dental Surgery was duly incorporated and organized under the laws of the State of Illinois, in October, 1885; that such institution was organized for the purpose of, and, at the time petitioner matriculated therein as a student, engaged in, educating persons who became students therein in the theory and practice of dentistry and dental surgery, and that there was annually delivered in said college a full course of lectures and instruction in dental surgery not

less than five months in length. Relator avers that said Northwestern College of Dental Surgery has, from its organization and during the time he was a student therein, strictly and entirely complied with all and each of the requirements of said rule, and was so complying with the same at the time the diploma was issued to relator. Though not very accurately pleaded, we think this averment must, on general demurrer, be held to be a sufficient allegation that said Northwestern College did require as a condition of graduation all the requisites specified in the said rule of the Board of Examiners. Relator further avers that he completed two regular full five month courses of instruction in the practice of dentistry and dental surgery, and that said courses were had in separate years with practical instruction intervening between the two courses; that said Northwestern College of Dental Surgery graduated relator in due form, and issued to him a diploma duly certified and executed by the faculty and officers of said college; that he presented his said diploma to the State Board of Examiners at a regular meeting of said board, and tendered to said board the sum of one dollar, and demanded that said board issue to him a license to practice dentistry in the State of Illinois, and that said board refused and neglected to issue said license and still refuses to issue the same.

It was expressly decided in The People v. Dental Examiners, 110 Ill. 180, that the Board of Dental Examiners was vested by the statute with a discretion judicial in its nature, to determine what dental colleges are reputable, and upon a petition for mandamus, alleging that the college therein named was reputable, the court said that whether it was reputable or not was a question of fact the decision of which was reposed in the board, and there being no allegation that the board had found the college to be reputable, the issuing a license would not be compelled by mandamus. The petitioner in this case presents a different question from the one considered by the Supreme Court. Here it appears that the Board of Examiners have promulgated a rule, general in its terms, setting forth that only such colleges will be recognized as reputable by the board as require the course of lectures, in-

structions and examinations as therein specified, as a requisite of graduation.  The word "reputable" as used in this statute, has manifest reference to the scholarship and the attainments in the art or science taught, which shall be required by the college to entitle a graduate therefrom to his diploma.  There are colleges, as stated by Mr. Justice Scholfield in the opinion in the case cited, in which full courses of lectures and instructions were professed to be given, that were not reputable, because they graduated for money without reference to scholarship.  A diploma from such an institution afforded no evidence of scholarship or attainments in its holder, and it was as against such diplomas the law was intended to protect the public, and therefore required that the colleges be reputable.

The Board of Examiners properly so interpreted the word "reputable," and, it must be assumed, for the guidance and information of those who were desirous of qualifying themselves for the practice of dentistry in this State, defined what requirements as to terms of lectures and intervening practical instruction and preliminary examination, on the part of a college, as conditions of obtaining its diploma, would entitle such college to be classed as reputable.  Having done this, what remained for the board to do when a graduate presented his diploma and tendered the fee for his license?  Manifestly nothing more than to ascertain whether the diploma was issued by a college which exacted, as the conditions of graduation, all the requisites specified in the rule of the board.  An argument is sought to be drawn from the wording of the rule.  It is said that the board do not declare colleges who comply with the rule to be reputable, but that it "will recognize as reputable only such dental colleges as require," etc.  There is no force in the argument.  It imports bad faith to the board in the formulation of the rule, and would deny relator his legal right on the turn of an expression.  The law requires the discretion which is lodged in such boards to be exercised in a reasonable manner; and discretion which is uncontrolled and undefined, subject to no examination or review, and which is regulated only by the changing opinion or caprice of the tribunal in which it is reposed, becomes partial

and corrupt in administration, is destructive of confidence and dangerous to the public weal. Hence, when such a body exercises its judgment and apparently covers the subject-matter confided to it, by a general rule or regulation specifying what will be required to meet its approval, it is but just to the citizen to treat such general rule as being the full expression of the body upon the subject, and as specifying all that will be required to fulfill the conditions. The board can not be permitted to hold the word of promise to the ear when the student enters his college, and break it to his hope when he presents his diploma for a license to practice. It has exercised its entire discretion as to what are reputable dental colleges, by prescribing the general rule. It has no discretion in reserve on that question, at least, until it shall have repealed its rule or prescribed additional requirements. What relator now requires the board to do, is not a judicial act or an act involving the exercise of any discretion, but a ministerial act, the duty of performing which is imposed on the board of dental examiners by law. Two duties, different in their nature, were imposed upon them, the one judicial and the other ministerial; the judicial power has been exercised; the ministerial act only remains to be done. When a judicial body has found all the facts necessary to a judgment, so that the judgment is nothing but a conclusion of law upon these facts, the entering up of the judgment is in its nature ministerial and mandamus will lie to enforce the duty. Carpenter v. Commissioners of Bristol, 21 Pick. 259; People v. Supervisors of Schenectady, 35 Barb. 408; People v. Contracting Board, 46 Barb. 254.

The rule which we think should govern in such cases is analogous to that applied to bodies with powers to let contracts, where they have a discretion as to the sufficiency of the bond, or to receive bids for the doing of work where a deposit satisfactory to the body is required to accompany each bid.

In such cases, while such bodies are recognized as having a discretion as to the security, yet if they give notice as to what security will be required, or adopt general regulations on the subject, a substantial compliance with such regulations on the

part of a bidder is sufficient, and the regulation will be held an exercise of the discretion.   So in The People v. The Contracting Board, *supra*, it was said by Hogeboom, J., that the certificate of deposit conforming in substance, if not absolutely in form, to the requirements of the notice published by the board, and the relator's bid being the lowest, there was no discretion left in the board, and the relator was entitled to be awarded the contract as a matter of right and law.   And in Zanone v. Mound City, 103 Ill. 552, which was mandamus to compel the issuing of a license to keep a dram shop, and the relator alleged that a general ordinance provided for the issuing of licenses upon certain conditions set out in the ordinance, and that his application was in strict conformity with all the requirements, the same general principle was applied, and it was held that one who brought himself within the requirements regulating the licensing power, might compel the authorities to issue the license, even where the municipal authorities have a discretion as to the fitness and character of the person to be licensed, it not appearing that the authorities had decided that the applicant was not a fit person to be licensed.

The allegation by relator that the said Board of Dental Examiners had found that the said Northwestern Dental College was not a reputable college, will not bar relator's right to relief. Such action of the board is alleged to have been fraudulent and not the result of due inquiry, and not based upon proper evidence, and to have been taken arbitrarily and maliciously, with the design and purpose of injuring the said college and preventing it from getting patronage, and from competing with the Chicago Dental College, with which last mentioned dental college four out of five of the members of said Board of Dental Examiners are stated to be connected, either as members of the faculty or as instructors.   These statements must be taken as true for the purposes of this case, as their truth is admitted by the demurrer; and taking them as true, they show a clear abuse of discretion on the part of the board.   It was held in the Village of Glencoe v. The People, 78 Ill. 382, that where discretion is vested it can not be exercised arbitrarily, for the gratification of feelings of malevolence, and for the

attainment of merely personal and selfish ends. "It must," said the court, " be exercised for the public good, and should be controlled by judgment, and not by passion or prejudice; when a discretion is abused, and made to work injustice, it is admissible that it shall be controlled by mandamus;" and the village board having exercised its discretion in such a manner as to perpetuate its own power to the utmost period and to defeat the desire of the people, it was said the discretion was abused and perverted to the attainment of an unjustifiable end, and the board was compelled to act properly and its former act was disregarded.

The case here, then, stands thus: The board, by demurring to the petition, admits that relator tendered the proper fee for a license, and presented to the board a diploma issued to him by a dental college regularly organized, which complied in all respects with the rule of the board defining reputable colleges; and that the board, knowing such college to be reputable, refused relator his license, and to the injury of relator, and falsely, fraudulently and maliciously, and with the purpose of unjustly discriminating against the Northwestern College and in favor of the college in which the individual members of the Board of Examiners are pecuniarily and professionally interested, they pretended to find that said Northwestern College of Dental Surgery was not a reputable college. The board can not admit such allegations and escape the control of the courts, on the suggestion that the discretion reposed in it can not be interfered with. The duty to be performed by the board is one in which the relator has a direct interest, and by its non-performance he is injured and aggrieved. As heretofore stated, under the facts as alleged in the petition and admitted by the demurrer, what is sought by the petition is the performance of a ministerial act, all discretion having been exhausted, and mandamus is the appropriate proceeding to compel its performance.

The judgment of the court below awarding the writ will therefore be affirmed.

Judgment affirmed.