# UNITED STATES EX REL. THOMSON *v.* CUSTIS.*

PHYSICIANS AND SURGEONS; BOARD OF MEDICAL SUPERVISORS; LICENSES; OFFICERS; MANDAMUS.

1. The board of medical supervisors of this District have no right to refuse to grant a license to practise medicine in this District, to a physician who has been licensed to practise in Maryland; has practised there for two years; and has presented satisfactory proof of good moral character, and has tendered the required fees, merely because, under rules adopted by them, a different system exists here for grading applicants than under the rules adopted by the Maryland licensing board, and they have, accordingly, found that the conditions under which the applicant passed his examination for license to practise in Maryland were not equivalent to conditions existing in this District. (Construing the act of Congress of January 19, 1905, 33 Stat. at L. 609, chap. 49, amending act of June 3, 1896, 29 Stat. at L. 198, chap. 313, regulating the practice of medicine and surgery in this District.)

2. A licensing board is not vested with personal or arbitrary power, but is subject to the control of the courts when it appears that it has acted arbitrarily in refusing a license; and this power of control is inherent in the courts, and no statutory authority is necessary for its exercise.

3. While the action of an officer clothed with a discretion is not reviewable if exercised upon matters left to his discretion, yet his judgment as to the extent of his discretion under the law, and the matters on which it may be exercised, are reviewable on mandamus; and where a discretion is abused, and made to work injustice, it may be controlled by mandamus.

No. 2134.    Submitted April 8, 1910.    Decided May 10, 1910.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia dismissing a peti-

---

*As to review of action of medical board, see note to *Iowa Eclectic Medical College Asso.* v. *Schrader,* 20 L.R.A. 355.

tion for the writ of mandamus to compel the members of the
Board of Medical Supervisors of the District of Columbia to
grant the relator a license to practise medicine and surgery in
the District.                                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the supreme court of
the District of Columbia refusing to grant a writ of mandamus
to compel the defendants, J. B. Gregg Custis, George C. Ober,
Edward J. Collins, Benjamin F. Leighton, and L. Cabell Wil-
liamson, the board of medical supervisors of the District of
Columbia, to grant the relator, Lewis B. Thomson, a license
to practise medicine and surgery in this District.

It appears from the petition of the relator that he filed a writ-
ten application with the board for a license to practise medi-
cine and surgery in the District of Columbia, accompanying
said application with the fee required by the board, together
with a statement showing that relator had been licensed to prac-
tise medicine, and had practised, in Maryland for more than
two years prior to the date of making his application in this
District; that he held a degree of M. D. from the Maryland
Medical College of Baltimore; and that he held a license to
practise in the State of Maryland from the medical licensing
board of that State. He also submitted the proof required by
the board as to his good moral character. The petition alleged
the refusal of the board to grant the license, and asked the court
for a rule requiring the board to show cause why a writ of man-
damus should not issue commanding it to grant the application
of the relator.

The board answered the rule, admitting all the averments of
the petition, except the claim of right to a license by virtue of
reciprocal relations between the District of Columbia and the
State of Maryland. The answer denied that the conditions
under which relator passed his examination for license to prac-
tise in Maryland were equivalent to conditions existing in the

District of Columbia. In support of this allegation of the answer, the board set forth certain rules adopted by it, regulating the examination of candidates for admission to practise in this District, and alleged that the examination of candidates by the Maryland board of examiners is not equivalent, pointing out the variation in the system of grading, etc., under the rules here in force and those in force in Maryland. The answer then alleges "that, under the rules in force in the District of Columbia, he could not have obtained here the license to practise medicine and surgery, and this board has never admitted to practice any applicant under these conditions, nor has it any reciprocal relations with Maryland or any other State under which or by means of which an applicant so licensed in such State was admitted to practice, or recognized as fit to practise medicine and surgery in the District of Columbia. This board has determined, as matter of fact, that the requirements in the State of Maryland under the circumstances above set forth are not equivalent to those which existed in the District of Columbia at any of the times mentioned, or which exist at the present time, and with which the applicant would have had to comply in order to practise medicine and surgery in the District of Columbia."

The relator demurred to this answer, and the demurrer was overruled. He then filed two replications,—the first denying each and every allegation of the respondents' return, and the second alleging that the examination in Maryland "was fundamental in character, and tested his fitness to practise medicine and surgery." On the first replication, the respondents joined issue; and the second was stricken out on motion. There were some other pleadings, which are not material in the consideration of this appeal. Subsequently, respondents moved for judgment on the record, and the motion was granted.

*Mr. George E. Sullivan* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Frank H. Stephens,* Assistant, for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is unnecessary to stop to consider the unusual and unprecedented procedure by which the motion for judgment was granted and the judgment thereon entered. We shall proceed at once to consider the single assignment of error in overruling relator's demurrer to the answer.

The statute regulating the practice of medicine and surgery in the District of Columbia provides as follows:

"Sec. 8a. That the board of medical supervisors of the District of Columbia be, and is hereby, authorized and directed to license to practise medicine and surgery in said District, without examination, any applicant for such license who has been engaged in the practice of medicine and surgery in any other jurisdiction, whether a State, Territory, or insular possession of the United States, or a foreign country, subject to the following conditions:

*    *    *    *    *    *    *    *

"c. Nor unless the applicant acquired the right to practise medicine and surgery in such jurisdiction under conditions equivalent to those with which he would have had to comply in order then to have practised medicine and surgery in the District of Columbia.

*    *    *    *    *    *    *    *

"e.    *    *    *    *    *    *    *

"And said board of medical supervisors is further authorized and directed to issue in favor of its licentiates such certificates, if any, as may be necessary to enable such licentiates, without examination, to obtain licenses to practise medicine and surgery in other jurisdictions, and to collect for the issue of such certificate such fees as may be necessary to defray the cost of issuing the same, and to use such fees for that purpose.

"And said board of medical supervisors is further authorized

to determine all matters of fact required to be determined in the execution of the provisions of this section." (33 Stat. at L. 609, chap. 49.)

The omitted provisions of the statute require that the applicant for a license shall be of good moral character, shall have had not less than two years' practice in medicine and surgery in the jurisdiction where he resides, and that the applicant shall pay to the board of medical supervisors a fee required by the regulations of the board. It is conceded that the material provisions of the Maryland statute are the same as those of the District of Columbia; that relator was regularly admitted to practise medicine and surgery in Maryland, and practised thereafter for a period of two years; and that he presented satisfactory evidence of good character, paid the fees required, and complied with all the requirements of the statute. The board, however, claims the power, by rules and regulations, to determine what shall constitute "conditions equivalent" under the statute, before reciprocal relations between Maryland and this District can be said to exist. We think equivalent conditions exist under this statute by virtue of the provisions of the law, and not under the rules of the board.

The rules which the board are authorized to make are for its guidance in carrying into effect the provisions of the law in the District of Columbia, and not in the State of Maryland. The Maryland board may have an entirely different set of rules for carrying into effect substantially the same statute as ours; but that is a mere matter of local procedure, which cannot affect the reciprocal rights of practitioners of one jurisdiction to practise in another, provided they meet the requirements of the board in the State where originally admitted and the provisions of the statute in the jurisdiction where they desire to practise. If the contention of the board be correct, it lies within its power to prescribe conditions of admission to the boards of all States and Territories, in order to entitle any of their licentiates to practise in this District, thereby absolutely annulling the express provisions of the statute. It is against

public policy to place such arbitrary power anywhere, much less in a mere medical board.

The object of this statute was to open the doors to reputable practitioners, and, to this end, give full faith and credit to the acts of the board of a neighboring State having equivalent conditions, until it is clearly shown that the applicant does not come up to the requirements of the statute as to two years' practice or good moral character, or that he wrongfully obtained his original license to practise, either through his own fraud, or through the fraud of the board. These are matters which the board would have authority to investigate, matters of fact upon which they could pass, and their decision would not be subject to review in a proceeding of this kind. But no such showing is here made. The whole action of the board is based upon the fact that they have a different system of grading for admission to practice than that adopted by the Maryland board. About the most inequitable test of ability that can be applied is the comparison of examination grades derived from either the same or different sources. It would certainly be dangerous to make arbitrary power dependent upon such a deceptive test. It is well settled that licensing boards are not vested with personal or arbitrary power, but are subject to the control of the courts when it appears that they have acted arbitrarily in refusing a license. *Dent* v. *West Virginia,* 129 U. S. 114, 32 L. ed. 623, 9 Sup. Ct. Rep. 231; *Reetz* v. *Michigan,* 188 U. S. 505, 47 L. ed. 563, 23 Sup. Ct. Rep. 390; *Jacobson* v. *Massachusetts,* 197 U. S. 11, 49 L. ed. 643, 25 Sup. Ct. Rep. 358, 3 A. & E. Ann. Cas. 765; *New York ex rel. Lieberman* v. *Van De Carr,* 199 U. S. 552, 50 L. ed. 305, 26 Sup. Ct. Rep. 144; *Yick Wo* v. *Hopkins,* 118 U. S. 356, 30 L. ed. 220, 6 Sup. Ct. Rep. 1064; *Illinois State Bd. of Dental Examiners* v. *People,* 20 Ill. App. 457. This power is inherent in the court, and no statutory authority is necessary for its exercise. *Reetz* v. *Michigan, and Dent* v. *West Virginia,* supra.

If a board or officer deprives a citizen of a legal right to which he is clearly entitled, and the citizen has no right of appeal or other adequate remedy, the proper court will review the

action and see that justice is done and legal rights preserved. The rule is well expressed in Spelling on Injunctions & Other Extraordinary Remedies, 2d ed. sec. 1433: "But while the action of an officer clothed with a discretion is not reviewable, if exercised upon matters left to his discretion, yet his judgment as to the extent of his discretion under the law, and the matters on which it may be exercised, are reviewable on mandamus; and where a discretion is abused, and made to work injustice, it may be controlled by mandamus."

The answer of the board totally fails to set forth any legal justification for its refusal to grant relator a license. The rules and regulations of the board are its sole defense. As we have observed, this is insufficient. The relator has complied with all the requirements of the law, and the board has no discretion left in the premises. It was its duty to have acted favorably on the application. Refusing to do so, the relator availed himself of the only remedy afforded him, and the court below should have sustained the demurrer and issued the writ. The jugment is reversed, with costs, and cause remanded, and it is so ordered.                                                         *Reversed.*