MEYER v. THE COUNTY OF DUBUQUE ET AL.

1. **Taxation**: MANDAMUS: PRACTICE.   The remedy for an erroneous assessment is by application to the board of equalization, from whose decision an appeal may be taken to the Circuit Court.   Mandamus will not lie to compel the officers of a county to strike out an assessment alleged to be erroneous.

2  **Pleading**: MANDAMUS: DEMURRER.   Where the petition discloses that the party asking a writ of mandamus has a plain, speedy and adequate remedy at law, the pleading should be assailed by demurrer and not by motion to dismiss.

*Appeal from Dubuque District Court.*

FRIDAY, JUNE 16.

THE plaintiff alleges that she owns lot No. 248 in the city of Dubuque, and that on the 1st day of January, 1874, she had no moneys or credits subject to taxation in said city; that the county of Dubuque through its officers, in the year 1874, assessed said lot at the valuation of $2,500, and levied a tax thereon of $56.25; and also assessed plaintiff with the sum of $7,200 for moneys and credits, and levied a tax thereon of $163.13; that about the 20th day of January, 1875, plaintiff tendered to the defendant Williams, treasurer of Dubuque county, $56.25, as the tax due on said lot, and demanded a receipt therefor, and that said Williams refused to accept said

money or to give a receipt for the tax on said lot, and demanded the additional sum of $163.13, which he claimed to be a lien upon and part of the tax due on said lot, before he would give a receipt for the tax due on said lot; that when plaintiff listed her property for taxes for the year 1874, she did not return any moneys or credits as belonging to her, and when she learned that she had been assessed with moneys and credits, she petitioned the proper officers of said county to strike out the same, which was refused; and defendant claims that the tax so levied is a valid tax and a lien on said lot; that the defendant, Williams, announces his intention to sell said lot for the tax levied thereon, as well as the tax upon the said moneys and credits; that it was the duty of the board of supervisors of the county of Dubuque to strike out the said assessment of moneys and credits.

The plaintiff prays a writ of mandamus compelling the board of supervisors of the county of Dubuque to strike from the tax books the assessment of $7,200, as moneys and credits, and the tax levied thereon, and compelling the said treasurer to accept the sum of $56.25, in full payment of the taxes on said lot for the year 1874, and that, in the meantime the defendants be restrained from advertising the lot for sale.

. The defendants moved the court to dismiss the cause, for the reason that the court has no jurisdiction of the action. The court sustained the motion.   Plaintiff appeals.

*Graham & Cady*, for appellant.

*D. J. Lenehan*, for appellee.

DAY, J.—I.   It is very clear that the petition does not state facts entitling plaintiff to the relief demanded.   Section 3373
1. TAXATION: of the Code provides, that the action of mandamus
mandamus:
practice.        is one brought to obtain an order commanding an inferior board or tribunal to do or not to do an act, the performance or omission of which the law enjoins as a duty resulting from an office or trust; and where a discretion is left to the inferior tribunal, the mandamus can only compel it to act, but cannot control such discretion.

Section 829 of the Code provides a board of equalization,
VOL. XLIII.—38

and section 831 authorizes any one aggrieved to appear before such board and have any error in assessment corrected. It is clear that such board is vested with a judicial discretion. It must examine the case, consider the facts presented and then decide. If such board refuses to act at all, it omits a duty and may be compelled, by the writ of mandamus, to discharge that duty. But the petition does not allege any refusal of this board to act. Upon the contrary, it avers that plaintiff petitioned the proper officers of the county to strike out the assessment, and that they acted upon the application and refused to strike out the assessment. Now if the writ should issue, it could compel the board to do only what they have done, to-wit: to act upon the application. Hence, there has been no omission of duty, and from the showing made in the petition there is no cause for the writ of mandamus.

Besides, section 3376, provides that an order for mandamus shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law.

Section 829, provides a tribunal for the correction of the error complained of, and section 831, provides for an appeal to the Circuit Court from the action of that tribunal. A plain and speedy remedy is thus provided, and a refusal of this tribunal to act creates the only condition under which a writ of mandamus would be proper in the premises.

II. Whilst the plaintiff was not, under the facts stated, entitled to a writ of mandamus, still we are of opinion that

2. PLEADING: mandamus: demurrer. the objection was not properly presented by a motion to dismiss the cause, and that the motion should have been overruled. That the court has no jurisdiction of the subject of the action, and that the facts stated in the petition do not entitle the plaintiff to the relief demanded, are, under section 2648 of the Code causes of demurrer. It is very important to the proper administration of justice that the course of procedure be uniform and consistent. Upon the sustaining of a demurrer it is competent for the unsuccessful party to amend, and to remove the objection, if he may be able. But when a motion to dismiss is sustained, he is out of court, and is remediless. True, if there should be a case in

which it would be impossible to obviate the difficulty by amendment, the practical effect of sustaining a demurrer to the petition would be the same as sustaining a motion to dismiss, and in such a case we would probably hold that a resort to such motion instead of a demurrer constituted error without prejudice. But we should do so only in cases where it is impossible to amend. If the District Court had no jurisdiction over the action of mandamus, this would be such a case. But the District Court has such jurisdiction, and the only trouble with the present case is, that the petition does not set forth a state of facts which, in this particular case entitle the plaintiff to the writ. Now whilst it is not probable that plaintiff can amend and set forth a state of facts entitling her to the writ, still it is possible that she may do so. Suppose, by way of amendment she should state that she applied to the board of equalization, and demanded relief of them, and that they refused to take any action in the premises. It seems to us such a state of facts would entitle her to a writ of mandamus compelling them to act. At all events, as the defendant did not present the question in a proper manner, we ought not to affirm the action of the court, unless fully satisfied that no prejudice could have resulted from the error in procedure. For these reasons we think the judgment should be

REVERSED.