## BAILEY v. EWART.

1. **Mandamus:** COUNTY SUPERINTENDENT: TEACHER'S CERTIFICATE. Mandamus will not lie to compel the issuance of a teacher's certificate by the county superintendent; the superintendent being vested with a discretionary power, the court may compel him to act upon an application, but cannot control his discretion.

*Appeal from Delaware Circuit Court.*

THURSDAY, OCTOBER 23.

THE defendant is county superintendent. The plaintiff applied to him for a teacher's certificate to enable her to teach in the public schools. She was examined touching her qualifications and the certificate refused. The object of this action is by *mandamus* to compel the defendant to issue such certificate. The question as to the power or jurisdiction of the court was raised by demurrer and answer. A *mandamus* was directed to issue, compelling the defendant to issue the certificate contemplated by law, and he appeals.

*A. S. Blair* and *Yoran & Seeds,* for appellant.

*Griffin & Crosby* and *Bronson & LeRoy,* for appellee.

SEEVERS, J.—If it be conceded the defendant acted wrongfully in refusing the certificate, can the judgment be sustained? 1. MANDAMUS: county superintendent: teacher's certificate. The statute provides that all persons desiring to teach in the public schools shall submit to an examination as to their qualifications by the county superintendent. Code, § § 1758, 1766: "If the examination is satisfactory and the superintendent is satisfied that the respective applicants possess a good moral character and the essential qualifications for governing and instructing children and youth, he shall give them a certificate to that effect for a time not exceeding one year." Code, § 1767. It is further provided that "where discretion is left to the inferior tribunal or person, the *mandamus* can only compel it or him to act, but cannot control such discretion." Code, § 3373.

That the statute vests in the superintendent a discretion in the premises is too clear for argument. Indeed, we do not understand counsel for the appellee to claim otherwise.' This being true, it must follow that the court can only compel the officer to act. It can in no manner control such discretion, or substitute its judgment for that of the officer. The statute does not provide that if the officer acts wrongfully the court may compel him to act rightfully. To do this would be substituting the judgment of the court for that of the officer. This we understand· the statute in express terms to forbid, for the power of the court is at an end when the officer has acted, however wrongfully his action may be, in the opinion of the court. *Meyer v. County of Dubuque*, 43 Iowa, 592; *Seymour v. Ely*, 37 Conn., 103; *Howland v. Eldridge*, 43 N. Y., 457.

The decision in *Clark v. The Board· of Directors*, etc., 24 Iowa, 266, is placed on the ground that no discretion was vested in the defendant, but a positive duty enjoined.

Counsel for the appellee cite and rely on *Strong, Petitioner*, 20 Pick., 484; *Carpenter v. Bristol*, 21 Id., 258; *Nourse v. Merriam*, 8 Cush., 11; *Cowlen v. Aldrich*, 98 Mass., 558. None of these cases, in any degree, militates against the views herein expressed.

                                                              Reversed.