THE PEOPLE *ex rel.* Isaac N. Sheppard

*v.*

THE ILLINOIS STATE BOARD OF DENTAL EXAMINERS.

*Filed at Ottawa May 19, 1884.*

1. DENTAL EXAMINATIONS—*under act of 1881—who may determine as to a compliance with the requirements of the act.* Whether a dental college is "reputable" or not, within the ordinary meaning of that word, is not a legal question, but a question of fact. So, also, are the requirements in the act approved May 30, 1881, entitled "An act to insure the better education of practitioners of dental surgery, and to regulate the practice of dentistry in the State of Illinois," in regard to the annual delivery of full courses of lectures and instruction, questions of fact. These questions are by the act submitted to the decision of the State Board of Dental Examiners. Their action is to be predicated upon the requisite facts, and no other tribunal is authorized to investigate them. The act of ascertaining and determining what are the facts, is in its nature judicial, involving investigation, judgment and discretion.

2. MANDAMUS—*whether the proper remedy.* The office of the writ of *mandamus* is in general to compel the performance of mere ministerial acts prescribed by law. It lies, however, also to subordinate judicial tribunals,

to compel them to act where it is their duty to act, but never to require them to decide in a particular manner. It is not, like a writ of error or appeal, a remedy for erroneous decisions.

3. A subordinate body can be directed by the writ to act, but not how to act, in a matter as to which it has the right to exercise its judgment. The character of the duty, and not that of the body or officers, determines how far performance of the duty may be enforced by *mandamus*.

4. So, upon the refusal of the Illinois State Board of Dental Examiners to grant a license to a person whose application was based upon a diploma issued by a dental college, *mandamus* will not lie to compel the board to grant the license, because, to entitle the applicant to a license, the diploma must have been issued by a "reputable" dental college, and whether the college is a "reputable" one, is, under the statute, within the judgment and discretion of the board to determine.

This is an original proceeding in this court for a *mandamus*. The petition therefor is as follows:

"The petitioner, Isaac N. Sheppard, a citizen of the State of Illinois, residing in the city of Paris, county of Edgar, in said State, complaining, shows unto the court that he is twenty-one years of age; that he became a student at the Indiana Dental College, an institution duly organized under the laws of the State of Indiana, located at the city of Indianapolis, in said State, on the 3d day of October, 1881, said institution being a college for the purpose of educating persons in the theory and practice of dentistry and dental surgery; that he attended said college as a student, as aforesaid, during his two full terms thereof, and pursued a course of study in the theory and practice of dentistry and dental surgery during all that time at said college, and that he completed said course of study, and was graduated from said college on the 7th day of March, A. D. 1883, and thereupon, to-wit, on the day last aforesaid, he received a diploma from the faculty of said Indiana Dental College, duly authenticated by the signatures of the faculty of said college and the officers thereof; that said Indiana Dental College is a reputable dental college, and during the time petitioner was a student therein, and at the time of issuing said diploma by the faculty of said

dental college to petitioner, there was annually delivered at said college a full course of lectures and instruction in dental surgery. Petitioner further shows unto the court, that desiring to engage in the practice of dentistry in this State, he afterwards, to-wit, on or about the 18th day of March, 1883, presented his said diploma so received from the faculty of said Indiana Dental College, duly authenticated, to the Illinois State Board of Dental Examiners, and tendered to said board a fee of one dollar, as provided by law, and demanded that said board issue to him, the petitioner, a license to practice dentistry in the State of Illinois, as provided by law. Petitioner further shows to the court, that it was the duty of said board of dental examiners, upon the presentation of said diploma, and the tender of the fee of one dollar, as aforesaid, to said board by said petitioner, and the demand, as aforesaid, to issue to petitioner a license to practice dentistry in the State of Illinois, and that the said board of dental examiners, not regarding their said duty in this behalf, thereupon, to-wit, on the day last aforesaid, refused to issue to petitioner a license to practice dentistry in this State, and have continually refused, and still do refuse, to issue to petitioner such license. Petitioner further shows unto the court, that the members of the said board of dental examiners are G. V. Black, A. W. Harlan, O. Wilson, J. J. Jennelle and George H. Cushing, and that by the failure and refusal of said board of dental examiners to so issue and grant petitioner a license to practice dentistry, as aforesaid, he, the petitioner, has been prevented from practicing dentistry in this State, as he is lawfully and by right entitled to do; that he has qualified himself for the practice of said profession at great expenditure of time and money, and depends upon the same for a living. Petitioner further shows unto the court, that the determination of the questions involved in this petition is not only one of great importance to him individually, but is also a matter of public importance, as numbers of the graduates

of said dental college, citizens of this State, and circumstanced like petitioner, desire to practice dentistry in this State, and are prevented therefrom by like refusal of said board of dental examiners. Wherefore, being without other legal remedy, petitioner prays for a writ of *mandamus*, directed to the Illinois State Board of Dental Examiners, commanding them to forthwith receive from petitioner the fee of one dollar, and thereupon to issue to petitioner a license to practice dentistry in the State of Illinois, and to deliver the same to petitioner, and that such further order may be made in the premises as justice may require."

The Attorney General demurs to the petition.

Messrs. HUNT & DYAS, and Mr. C. V. JAQUITH, for the relator.

Mr. JAMES McCARTNEY, Attorney General, for the respondents.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

It is provided by the first section of an act approved May 30, 1881, entitled "An act to insure the better education of practitioners of dental surgery, and to regulate the practice of dentistry in the State of Illinois," "that it shall be unlawful for any person who is not at the time of the passage of this act engaged in the practice of dentistry in this State, to commence such practice, unless such person shall have received a diploma from the faculty of some reputable dental college duly authorized by the laws of this State, or of some other of the United States, or by the laws of some foreign country, in which college or colleges there was, at the time of the issue of such diploma, annually delivered a full course of lectures and instruction in dental surgery." And in the sixth section of the same act, after providing for examination before the board of dental examiners of all applicants for license to practice dentistry, is the following provision:

"But said board shall, at all times, issue a license to any regular graduate of any reputable dental college, without examination, upon the payment by such graduate to the said board of a fee of one dollar." Other provisions of the act prohibit any person to practice dentistry without a license from the board, except such as are properly enrolled as having been practitioners at the time of the passage of the act.

The contention of the relator is, that the board of dental examiners have no power to decide what is, or what is not, a "reputable dental college,"—that the law has itself defined what is a "reputable dental college," in providing that it shall be "duly authorized by the laws of this State, or some other of the United States, or by the laws of some foreign country, in which college * * * there was, at the time of the issue of such diploma, annually delivered a full course of lectures and instruction in dental surgery." We are unable to appreciate the force of this position. The word "reputable" would seem to be used here to express the meaning ordinarily attached to it. If it had been intended that a diploma from any dental college, or a diploma from any dental college "duly authorized by the laws of this State, or some other of the United States, or by the laws of some foreign country, in which college * * * there was, at the time of the issue of such diploma, annually delivered a full course of lectures and instruction in dental surgery," we must presume the language would have so said. By using the word "reputable," we must presume the General Assembly meant "reputable." And since it is not used as being the equivalent and convertible for the other requirements in regard to the college, but as in addition thereto, we must presume it was intended to be so construed.

As a part of the current history of the times, and as an aid in arriving at the legislative intention, we know there were colleges of different kinds authorized by the laws of States in which they were located, in which there were pre-

tended to be annually delivered full courses of lectures and instruction upon the arts and sciences professed to be taught, that were not "reputable," because they graduated for money, frequently without any reference to scholarship. A diploma from such an institution afforded no evidence of scholarship or attainments in its holder. It was a fraud, and deserved no respect from anybody,—and it was as against such diplomas the law was intended to protect the public, and therefore required that the colleges be "reputable." Whether a college be reputable or not, is not a legal question, but a question of fact. So, also, are the requirements in regard to the annual delivery of full courses of lectures and instruction. These questions of fact are, by the act, submitted to the decision of the board,—not in so many words, but by the plainest and most necessary implication. Their action is to be predicated upon the existence of the requisite facts, and no other tribunal is authorized to investigate them, and of necessity, therefore, they must do so. The act of ascertaining and determining what are the facts, is in its nature judicial. It involves investigation, judgment and discretion.

The office of the writ of *mandamus* is, in general, to compel the performance of mere ministerial acts prescribed by law. It lies, however, also to subordinate judicial tribunals, to compel them to act where it is their duty to act, but never to require them to decide in a particular manner. It is not, like a writ of error or appeal, a remedy for erroneous decisions. (*Judges of Oneida Common Pleas* v. *People*, 18 Wend. 92.) And, as is said by the court in *People ex rel.* v. *Common Council of Troy*, 78 N. Y. 33 : "This principle applies to every case where the duty, performance of which is sought to be compelled, is in its nature judicial, or involves the exercise of judicial power or discretion, irrespective of the general character of the officer or body to which the writ is addressed. A subordinate body can be directed to act, but not how to act, in a matter as to which it has the right to

exercise its judgment.  The character of the duty, and not that of the body or officers, determines how far performance of the duty may be enforced by *mandamus*.  Where a subordinate body is vested with power to determine a question of fact, the duty is judicial, and though it can be compelled by *mandamus* to determine the fact, it can not be directed to decide it in a particular way, however clearly it be made to appear what the decision ought to be."  See, also, *Kelly et al.* v. *City of Chicago*, 62 Ill. 279.

Illustrations of the principle will be found in *People* v. *Common Council of Troy, supra, Freeman* v. *Selectmen*, 34 Conn. 406, *Hoole* v. *Kinkead*, 17 Nev. 217, *Bailey* v. *Ewart*, 52 Iowa, 111, *Berryman* v. *Perkins*, 55 Cal. 483, *People* v. *Contracting Board*, 27 N. Y. 378, and other cases cited in argument by the Attorney General.

The demurrer here does not admit that the board of dental examiners found that the college at which the relator was graduated was reputable, although it does admit that to be the fact.  But since the board can not be compelled to decide the question that way, although the evidence might clearly sustain it in doing so, there is no ground for *mandamus*.

The demurrer must be sustained, and the petition dismissed.

*Demurrer sustained.*