## L. E. McGann, Comptroller, et al., v. William R. Harris.

### Gen. No. 11,156.

1. PENSION—*when Board of Police Pension Fund Commissioners cannot allow.* The Board of Police Pension Fund Commissioners has no power to award a pension to a police officer whose connection with the force has already been terminated by discharge, and it does not appear that such discharge was illegal.

2. MANDAMUS—*when, will not be awarded.* The writ of mandamus will not be awarded unless the party applying therefor has a clear right to have the thing done which he seeks to have done and by the body sought to be coerced.

3. MANDAMUS—*when, does not lie.* While mandamus may lie to compel action to determine a question of fact, the writ will not issue, requiring the question to be determined in any particular way, where the body sought to be coerced has the right to exercise its own judgment.

Mandamus proceeding. Appeal from the Circuit Court of Cook County; the Hon. CHARLES H. BISHOP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed June 3, 1904.

**Statement by the Court.** This is an appeal from a judgment awarding a writ of mandamus to appellee. The latter filed a petition alleging that he was appointed a police officer of the city of Chicago, May 20, 1889, and that he continued in such employment performing all his duties as such police officer from that date until March 14, 1898, with the exception of a period from October 1, 1889, to July 6, 1891; that his term of service was in all eight years; that he was on the 14th of March, 1898, together with three hundred other policemen, dropped from the police force for political reasons; that while in the performance of his duties as policeman he was, upon the 20th of May, 1889, kicked in the left groin by an intoxicated man, whom he was about to place under arrest, and was permanently injured and ruptured; that thereafter and in consequence of such injuries he was assigned to station and signal duty, and that he is now and has been ever since the injury, unable to perform labor that would require much exertion.

He states that during the whole period of his service, one per cent. of his monthly pay was deducted therefrom and paid into the Police Pension Fund of the city of Chicago, according to the statute; that after March 14, 1898, the date of his discharge, he made application in writing, dated April 10, 1898, to the Board of Police Pension Fund Commissioners of said city of Chicago, accompanied by sworn certificates of his disability, requesting that he be retired and be paid from the pension fund under the control of the board, a yearly pension in accordance with the provisions of the statute; that the board refused his application; that afterwards, January 1, 1902, he renewed his request, which the board then refused to consider.

To this petition appellants, composing the Board of Police Pension Fund Commissioners, filed a general demurrer, which the Circuit Court overruled; and appellants electing to stand by their demurrer, judgment was rendered that a peremptory writ of mandamus issue forthwith commanding said appellants to retire the petitioner, and to pay or order to be paid to him a yearly pension out of the Police Pension Fund, beginning April 10, 1898, and that petitioner recover his costs.

Charles M. Walker, Corporation Counsel, and William D. Barge, Assistant Corporation Counsel, for appellants.

Edward B. Healy, for appellee.

Mr. Presiding Justice Freeman delivered the opinion of the court.

The judgment complained of requires the Board of Police Pension Fund Commissioners to retire appellee from active service and pay him a yearly pension from the date of filing his first application, April 10, 1898. It is urged in behalf of appellants that as the petition shows appellee had been dropped or discharged from the police force March 14, 1898, and that he was not therefore a member of the force at the date of his application, the board was without power to retire from active service and pension

one whose connection with the force had already termi-
nated; that appellee was therefore without legal right to
retirement and pension under the terms of the statute.

The statute in question (R. S. chap. 24, sec. 391, *et seq.*)
provides first for the creation of the pension fund, specify-
ing sources from which its income may be derived. One
of these is a provision for the deduction of one per centum
per month from the salary of each member of the police
force, provided no member shall be compelled to pay more
than two dollars a month from his salary. The two sec-
tions more directly applicable in the present case are as
follows :

" 4. Whenever any person, while serving as a police-
man in any such city, village or town, shall become phys-
ically disabled while in, and in consequence of, the perform-
ance of his duty as such policeman, said board shall, upon
his written request, or without such request, if it deem it
for the good of said police force, retire such person from
active service and order and direct that he be paid from
said fund a yearly pension, not exceeding one-half the
amount of the salary attached to the rank which he may
have held on said police force for one year next preceding
such retirement; Provided, that whenever such disability
shall cease such pension shall cease.

" 5. No person shall be retired as provided in the next
preceding section, or receive any benefit from said fund,
unless there shall be filed with said board certificates of his
disability, which certificates shall be subscribed and sworn
to by said person and by the police surgeon (if there be
one), and two practicing physicians of such city, village or
town, and such board may require other evidence of disa-
bility before ordering such retirement and payments as
aforesaid."

In the seventh section of the act is found a provision re-
quiring all members of the police force retired as above to
report to the chief of police once every month, and it is
provided that in case of emergency they may be assigned
to such duty as the chief of police may direct. While,
therefore, the statute apparently contemplates that a po-
liceman physically disabled while in, and in consequence of
the performance of his duty shall be retired from active

service, it regards him as still a member of the force not-withstanding such retirement, subject to be assigned to duty in case of emergency. It is true that statute does not in terms require that he shall be a member when he makes his request for retirement and pension, but only that he shall have received his disability while in, and in consequence of, the performance of his duty as such member. Yet no power is conferred upon the Board of Police Pension Fund Commissioners to reinstate a policeman who has been discharged. Appellee was not, apparently, under the protection of the Civil Service Act, and whatever may have been the reason assigned for his discharge, it does not appear and is not claimed that the discharge was not at the time lawful, even if unjust. He can only be reinstated by rightful authority, and until reinstated, it is not, we think, in the power of the board to retire and pension him.

Section 5 of the act which is above quoted, gives the board discretionary power to hear and determine upon evidence whether an applicant is entitled to be retired for disability and pensioned. The petition in this case shows that the board " refused and still refuses to grant petitioner's request to retire as aforesaid, and to pay or cause to be paid to petitioner the yearly pension to which petitioner is justly entitled." But for aught that appears such refusal may have been based upon an insufficiency, in the opinion of the members of the board, of the affidavits presented, and upon the want of other evidence of disability sufficient in their judgment to warrant action. Mandamus is an extraordinary remedy, and the writ will not be awarded unless the party applying therefor has a clear right to have the thing done which he seeks to have done, and by the body sought to be coerced. Swift, Mayor, v. Klein, 163 Ill. 269, 276. While mandamus may lie to compel action to determine a question of fact the writ will not issue requiring the question to be determined in any particular way, where, as in the case at bar, the members of the board whom it is sought to compel have the right to exercise their own judgment. People, ex rel. Sheppard v. Illinois

State Board of Dental Examiners, 110 Ill. 180, 185; Ill. State Board of Dental Examiners v. The People, ex rel. Cooper, 123 Ill. 227, 245; Kelly v. City of Chicago, 62 Ill. 279, 281.

It was error to overrule appellants' demurrer to the petition, and the judgment must therefore be reversed and the cause remanded.

*Reversed and remanded.*