## WISE *v.* STATE VETERINARY BOARD.

VETERINARY SURGEONS—POWER OF STATE VETERINARY BOARD.
 The State veterinary board, organized under Act No. 191, Public Acts 1899, has no power to determine whether a college of "veterinary medicine and surgery," existing under 2 Comp. Laws, chap. 218, is a regular school or college, or to refuse a certificate to practice to a person holding a diploma from such college.

Mandamus by Harry W. Wise to compel the State veterinary board to issue a certificate. Submitted November 29, 1904. (Calendar No. 20,749.) Writ granted December 7, 1904.

Relator, a graduate as a veterinary physician and sur-

geon from the Grand Rapids Medical College, applied to the respondent for a certificate to practice his profession. A certificate was denied him, and he asks the writ of mandamus to compel respondent to issue to him such certificate. The case is before us on petition, answer, and stipulation. The stipulation admits the truth of the allegations in paragraphs of the petition numbered 2, 3, 4, and 5. These read as follows:

"2. That on the 1st day of April, 1902, having passed the required examination, he graduated from the veterinary department of the Grand Rapids Medical College, and was awarded a diploma conferring upon him the degree of doctor of veterinary medicine and surgery and master farrier, which diploma was duly issued to him by order of the board of trustees of said college.

"3. That he matriculated as a student in the veterinary department of said college at the beginning of the college year in October, 1900, and regularly and continuously attended the veterinary department of said college and took the regular course of instruction prescribed by the faculty of said college and of said veterinary department during the college year of 1900–1901 and during the college year of 1901–1902, and that he attended said veterinary department as a student for at least six months in each of said years.

"4. That since his residence at Owosso he has practiced his profession of veterinary medicine and surgery, and has succeeded in building up a practice which yields him an income of at least $1,500 a year; that he has found in practicing his said profession that the knowledge and clinical experience which he acquired in attending the veterinary department of said medical college abundantly fitted him to carry on his said profession successfully; and that, having put such knowledge and experience to the test in actual practice of said profession, he is well satisfied with the course of study and with the instruction which he received at the veterinary department of said college, and that he has been enabled thereby to practice his said profession successfully and to the satisfaction of those who have had occasion to employ him in his said practice.

"5. That, as your petitioner is informed and verily believes, the Grand Rapids Medical College is a corporation organized and existing under Act No. 39 of the Laws of

1855, being chapter 218 of the Compiled Laws of 1897; that the articles of association of said college were duly approved by the secretary of State and filed in his office on the 10th day of August, 1897; that amendments were made thereto on the 26th day of August, 1897, and duly filed in the office of the secretary of State; that the purpose for which said college was organized, as set forth in the articles of association, is 'to establish and operate a college to teach medicine and surgery, chemistry, dentistry, veterinary medicine and surgery, and horseshoeing; to grant and issue diplomas in various departments of the college in conformity to law and in accordance with the practice in similar institutions in the United States.' "

The Grand Rapids Medical College is organized under chapter 218, 2 Comp. Laws.

Section 8143 provides:

" Every diploma granted by such trustees shall entitle the possessor to all the immunities which, by usage or statute, are allowed to possessors of similar diplomas granted by any similar institution in the United States."

Section 8145 provides that any institution of learning incorporated under the act shall be subject to the visitation and examination of the superintendent of public instruction, and to a board of visitors, three in number, to be appointed by said superintendent. Said board is empowered to visit such institution, examine its courses of study, modes and character of instruction, and such other matters as may be of interest to the citizens of the State. It is also required to make a full report to the superintendent of public instruction, setting forth the result of their examination and conclusions as to the condition of the institution.

The respondent is organized under Act No. 191 of the Public Acts of 1899. The board is required by section 2 to elect a secretary, and to " from time to time provide and furnish to said secretary a list of all regular colleges and schools of veterinary medicine and surgery, having a course of not less than two years, with sessions of at least six months in each year." Under section 3 any person is

entitled to a certificate from said board upon satisfactory proof "that he is the lawful and regular possessor of a diploma from a regular veterinary college or school, within the meaning of this act, and that such diploma was issued by such college or school directly to him."

*Hatch & Wilson,* for relator.

*Norton & Jamison,* for respondent.

GRANT, J. (*after stating the facts*). The relator has complied fully with the provision of the statute. The respondent contends that it is clothed with the power to determine whether a school or college of veterinary medicine and surgery organized under the laws of this State, whose articles of association are duly filed and approved by the proper State authorities, is a regular school or college; or, as stated in the brief of counsel, that it "has the right to determine whether any school or college is living up to the requirements of Act No. 191 of the Public Acts of 1899."

Whether, as the relator seems to contend, any such power or control is lodged in the superintendent of public instruction, is not before us. The sole question is, Is the respondent clothed with this power? An educational institution, properly incorporated under the provisions of the law, is a regular school or college within the meaning of the law. This statute, neither in express terms nor by implication, has lodged in this board the power to determine whether any school or college has a curriculum of studies, equipment, appliances, etc., such as the members of the board may deem essential to properly qualify a graduate to practice his profession. If respondent's contention be correct, this board has power to determine whether a department of veterinary medicine and surgery in the Michigan Agricultural College or in the University of Michigan, is "regular."

A similar question arose in Kentucky, where a graduate of the school of pharmacy of the Michigan University presented a diploma to the State board of pharmacy of

that State, and demanded a certificate. The provision of the statute in that case was: "Graduates in pharmacy shall be such as have obtained a diploma from a regular incorporated college of pharmacy." It was held that the board had no discretion in the matter, and that the relator was entitled to a certificate upon presentation of her diploma. *State Board of Pharmacy* v. *White,* 84 Ky. 626.

The case of *People,* ex rel. *Sheppard,* v. *State Board of Dental Examiners,* 110 Ill. 180, does not apply to this case. There the statute required that a diploma should be presented "from the faculty of some *reputable* dental college, duly authorized by the laws of this State, or some other of the United States," etc. It was held that the board was clothed with power to determine whether a college was reputable. "Regular" and "reputable" are not synonymous words. "Regular" is defined as "conformed to, or made in accordance with a rule; agreeable to an established rule, law, type, or principle, to a prescribed mode, or to established customary forms." "Reputable" is defined as "being in good repute; held in esteem; estimable." Cent. Dict. A school or college may be regular—i. e., regularly incorporated—and not be reputable. The reason for the use of the word "reputable" in the Illinois statute is stated by the court as follows:

" As a part of the current history of the times, and as an aid in arriving at the legislative intention, we know there were colleges of different kinds authorized by the laws of States in which they were located, in which there were pretended to be annually delivered full courses of lectures and instruction upon the arts and sciences professed to be taught that were not ' reputable,' because they graduated for money, frequently without any reference to scholarship. A diploma from such an institution afforded no evidence of scholarship or attainments in its holder. It was a fraud, and deserved no respect from anybody; and it was as against such diplomas the law was intended to protect the public, and therefore required that the colleges be ' reputable.' Whether a college be reputable or not is not a legal question, but a question of fact."

The law of this State has fixed the status of these schools and colleges. When they have complied with the law of incorporation and filed their articles of association, they then become regular schools and colleges, and a diploma therefrom entitles the "regular possessor" to a certificate to practice his profession. The legislature may undoubtedly prescribe the curriculum for schools of its own creation, and may lodge in some board the power to determine whether its graduates are entitled to admission to practice; but it has not done so by this act.

The mandamus is granted, but without costs.

The other Justices concurred: