ARTHUR J. EDDY *et al.*

*v.*

THE PEOPLE *ex rel.* Maria Welter.

*Opinion filed December 20, 1905.*

1. PENSIONS—*determination of board that party is entitled to a pension is binding.* In passing upon the right of an applicant for a pension under the Police Pension act, (Laws of 1879, p. 72,) the board of trustees exercises *quasi* judicial power, and its finding, when made, is binding, and cannot be reviewed and set aside by the board except for want of authority to grant the pension or for fraud upon the part of the applicant in procuring it.

2. SAME—*when right of person to a pension is not affected by the act of 1903.* By the express terms of the amendment of 1887 to the Police Pension act of 1879 a person entitled to a pension under the latter act is made a pensioner under the act of 1887, and such right is in no way abridged by the amendment of 1903. (Laws of 1903, p. 107.)

3. SAME—*when finding of board is not impeached.* Where a petition to compel the re-instatement of the petitioner to the police pension roll avers that the board of trustees expressly found, originally, that pensioner's husband died from the immediate effects of an injury received by him in the discharge of his duty as a police officer, such finding is not impeached by reason of an averment in the petition that he was stricken down and became physically ill because of physical efforts exerted by him in discharging his duty.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. O. BROWN, Judge, presiding.

JOHN W. BECKWITH, and JOHN S. MILLER, (JAMES H. LEWIS, Corporation Counsel, and PECK, MILLER & STARR, of counsel,) for appellants:

The appellants were not estopped by reason of a previous pension board having placed appellee's name upon the pension list. An estoppel cannot arise by an illegal act, and they have power to act only within the law. *Hibbard* v. *Chicago,* 173 Ill. 91; *Cook County* v. *Shaffner,* 46 Ill. App. 611; *Washingtonian Home* v. *Chicago,* 157 Ill. 414; *Seeger* v. *Mueller,* 133 id. 86; *People* v. *Chicago,* 99 Ill. App. 489; *Eddy* v. *Morgan,* 216 Ill. 437.

The writ of *mandamus* is not a writ of right. It should not issue in doubtful cases. It will not be granted where it cannot be seen by the court that it will accomplish a given purpose or that it will have a beneficial effect. It cannot issue, in any event, unless the right to it is clear and the duty of the person sought to be coerced plain. *Stott* v. *Chicago,* 205 Ill. 281; *McNeill* v. *Chicago,* 212 id. 481; *Railroad Co.* v. *Suffern,* 129 id. 274; *Watch Case Co.* v. *Pearson,* 140 id. 423; *People* v. *Village of Crotty,* 93 id. 186; *People* v. *Ketcham,* 72 id. 212; *Swift* v. *Klein,* 163 id. 269; *People* v. *Blocki,* 203 id. 363; *People* v. *Railroad Co.* 55 id. 95; *People* v. *Hatch,* 33 id. 9; *Railroad Co.* v. *County Clerk,* 74 id. 271.


CHARLES L. DALY, and EDMUND S. CUMMINGS, for appellee:

The action of appellants in striking relator's name from the pension rolls without notice to her and after payment to her of a pension for eighteen years was a gross abuse of discretion, and such an evasion of positive duty with reference to relator's rights as to amount to a virtual refusal to perform the duty contemplated by the law creating them, and *mandamus* was relator's only remedy. *Dental Examiners* v. *People,* 123 Ill. 227.

Relator having been lawfully awarded a pension under the amended act of 1879, was by section 12 of the 1887 act, which is still in force, continued upon the pension rolls by the legislature itself, and the appellants had no discretion in the matter, and they had no right to strike relator's name from the pension rolls.

The board of trustees of the pension fund is and always has been a *quasi* judicial body, and its judgment cannot arbitrarily be vacated and set aside.

Where one count containing distinct averments discloses a good cause of action in one of said averments a general demurrer will be overruled. *Insurance Co.* v. *Menz,* 63 Ill. 116; 6 Ency. of Pl. & Pr. 303.

*Mandamus* is the proper remedy to compel the performance of a ministerial act. *Somonauk* v. *People,* 178 Ill. 638; *Dental Examiners* v. *People,* 123 id. 227.

Mr. Justice Hand delivered the opinion of the court:

This was an application in the circuit court of Cook county in the name of the People, upon the relation of Maria Welter, against the appellants, as trustees of the police pension fund of the city of Chicago, to coerce them to restore the relator's name to the pension roll, from which the petition averred her name had been stricken without lawful authority by the appellants, and to require them to pay her, as beneficiary of her deceased husband, Dominick Welter, a pension. A general demurrer was filed to the petition, which was overruled, and the appellants having elected to stand by their demurrer, a judgment was rendered in favor of the relator in accordance with the prayer of the petition, and the appellants prosecuted an appeal to the Appellate Court for the First District, where the judgment of the circuit court was affirmed, and a further appeal has been prosecuted to this court.

It appears from the averments of the petition that Dominick Welter, the husband of the relator, became a member

of the police department of the city of Chicago on November 22, 1882, and so remained until his death, which occurred on July 8, 1885; that the relator made application to the board of trustees of said relief fund for a pension, as widow of said Dominick Welter, under the provisions of an act entitled "An act to amend 'An act for the relief of disabled members of the police and fire departments in cities and villages,' approved May 24, 1877, in force July 1, 1877," approved May 10, 1879, in force July 1, 1879, (Laws of 1879, p. 72,) and submitted to said board of trustees proof of the death of her husband and that his death was the immediate effect of an injury received by him while in the discharge of his duties as a police officer; that the board of trustees passed upon her application and found that the death of her husband was the immediate effect of an injury received by him while in the discharge of his duties as a police officer, and allowed the relator a pension of $360 per annum so long as she should remain unmarried; that after the passage of the act of 1887 her pension was increased by the board of trustees of said fund under the terms of that act, which pension was paid to her until October 17, 1903, and that on that date the appellants, acting as such board of trustees, without cause refused to pay the relator her pension and dropped her name from the pension roll, although under the act of 1887 she was entitled to a pension. It appears that the only notice the relator received that the appellants had determined to cease paying her pension was the following letter written to her by C. F. White, the clerk of said board of trustees:

"In accordance with a resolution by the pension board I am instructed to notify you that further payment will be withheld for lack of evidence that death was caused by injury received while in the performance of his duties, as required by law. Please prepare your papers and evidence and present them at this office at once, thus avoiding any unnecessary delay.          C. F. WHITE, *Clerk.*"

The first question to be determined upon this record is the force which should be given to the finding of the board of trustees that the relator, under the act of 1877, as amended

in 1879, was entitled to a pension, and their action in placing her name upon the roll as a pensioner. Section 2 of that act provides that the mayor, the chief of police, the fire marshal and the chairman of the committee on police and fire and water of the city council, together with the comptroller, if there be one, or city clerk and treasurer, shall constitute and be a board by the name of "The trustees of the police and firemen's relief fund," and that the city treasurer shall be the custodian of the fund, and that the board shall select from their number a president and secretary; section 3, that said board of trustees shall have the exclusive custody and management of said fund, and shall make all needful rules and regulations for the government of said board in the discharge of its duties, and shall hear and determine all applications for relief under said act, and its decisions on such applications shall be final and conclusive and not subject to review or reversal, except by the board of trustees; and section 6, that when, in the judgment of the board of trustees, a sufficient amount shall have accumulated in said fund to justify the application thereof to the use for which the fund is created, if any member of the police or fire department, while in the actual performance of duty, shall become permanently disabled so as to render proper his retirement from membership, a sum not exceeding $600 per annum, or such less sum as in the judgment of the board the fund will justify, shall be paid to such member out of said fund, or if any member while in the actual discharge of his duty shall be killed, or shall die from the immediate effects of injury received by him while in such discharge of duty, or shall die after ten years' service in the police or fire department and shall leave a widow, or, if no widow, any child or children under the age of sixteen years, a sum not exceeding $600 per annum, or such less sum as in the judgment of the board of trustees the fund will justify, shall be paid to such widow so long as she remain unmarried, or to such child or children while under the age of sixteen years.

We think it clear from a consideration of these sections of the statute that the board of trustees created by said act, in passing upon the right of the relator to participate in said fund as a pensioner, exercised *quasi* judicial powers, and that their finding, when made, was binding upon all the world and upon the board of trustees, unless the action of the board was subsequently set aside by said board of trustees, and that said board of trustees had no power to review the action of the board which allowed said pension upon the question of the right of the relator to a pension, except upon the ground that the board which allowed the pension was without authority to act or the relator was guilty of fraud in procuring the pension to be allowed. In *United States* v. *Arredóndo,* 6 Pet. 691, on page 729, the court said: "It is an universal principle that where power or jurisdiction is delegated to any public officer or tribunal over a subject· matter, and its exercise is confided to his or their discretion, the acts so done are binding and valid as to the subject matter, and individual rights will not be disturbed collaterally for anything done in the exercise of that discretion within the authority and power conferred. The only questions which can arise between an individual claiming a right under the acts done, and the public, or any person denying its validity, are power in the officer and fraud in the party. All other questions are settled by the decision made or the act done by the tribunal or officer, whether executive, (1 Cr. 170-171,) legislative, (4 Wh. 423; 2 Pet. 412; 4 id. 563;) judicial, (11 Mass. 227; 11 S. & R. 429; adopted in 2 Pet. 167, 168;) or special, (20 J. R. 739, 740; 2 Dow. P. Cas. 521;) etc., unless an appeal is provided for, or other revision by some appellate or supervisory tribunal is prescribed by law."

It must be conceded the board of trustees in this case, by virtue of the legislative enactments hereinbefore referred to, had power to make the finding it did, and as there is no averment in the petition showing fraud upon the part of the

petitioner, we think the finding of the board of trustees con-
clusively shows the relator was entitled to a pension under
the act of 1877, as amended by the act of 1879.

Section 12 of the act of 1887, which act superseded the
amendatory act of 1879 as to cities of the class of Chicago,
provides that a policeman's widow who was a pensioner un-
der the act of 1877, as amended by the act of 1879, upon the
taking effect of the act of 1887 shall receive no benefit un-
der said amendatory act of 1879 but shall be entitled to the
benefits of the act of 1887. As we have seen, the relator
was entitled to receive a pension under the act of 1877, as
amended in 1879. Her right to a pension under that act was
taken away, and in lieu thereof she was made a pensioner
under the act of 1887 by the express terms of that act. The
amendment passed in 1903 in no way abridged the rights of
the relator, and on the 17th day of October, 1903, in our
view she was entitled to a pension under said section 12
of the act of 1887. The appellants, therefore, wrongfully
struck her name from the pension roll and refused to pay
her her pension, and the circuit and Appellate Courts right-
fully adjudged that her name should again be placed upon
the pension roll and her pension paid to her from the date
when payment to her was wrongfully suspended.

The appellants base their contention mainly upon the
ground that the petition filed in this case contains an aver-
ment that while the husband of the relator was engaged in
the actual discharge of the duties of his position on June 25,
1884, he was stricken down and became physically ill be-
cause of physical efforts exerted by him and which were
necessary to be exerted in carrying out and performing his
duties, and that as a result of said physical ailments and dis-
ability so caused the said Dominick Welter died July 8, 1885,
from which averment the conclusion is drawn by the appel-
lants that the husband of the relator died from disease, and
not from an injury received by him while in the discharge of
his duties as a police officer, and it is said section 6 of the act

of 1877, as amended in 1879, does not authorize the payment of a pension to a widow whose husband lost his life from disease, even though such disease was contracted by him while performing service in the line of his duty as a police officer, but that said section 6 only allows a pension to widows whose husbands die from the immediate effect of an injury, —that is, a physical hurt,—received while performing service in the line of duty as a police officer. We do not deem it necessary here to determine whether the widow of a police officer who dies from disease contracted while in the line of his duty is within the scope of said act of 1877, as amended in 1879, as the petition avers the board of trustees expressly found that the husband of the relator died from the immediate effect of an injury received by him while in the discharge of his duty as a police officer, and this finding being in the language of the statute, if, as the appellants contend, death must have resulted as the immediate effect of a physical hurt, such as a gunshot wound, the finding of the board of trustees covers an injury of that kind, and the finding of the board of trustees not having been impeached for fraud on the part of the relator, and the board of trustees having ample authority to make such finding, such finding is binding upon appellants, and is not impeached by the averment in the petition that he was stricken down and became physically ill, etc.

It is also contended that there is no express averment in the petition that the relator was unmarried at the time the petition was filed. That question does not appear to have been raised in the Appellate Court. It cannot, therefore, be raised in this court. If, however, it were properly raised, we think the petition shows the relator was unmarried at the time the petition was filed.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*