Arthur J. Calder, Defendant in Error, v. City of Chicago, Plaintiff in Error.

## Gen. No. 17,837.

1. PENSIONS—*retired member of fire department.* To entitle a retired member of the fire department to a pension under Act of May 24, 1877, section 7, he must show, besides ten years' service, the payment of all assessments before ceasing to be an active member, compliance with all of the rules and regulations lawfully established by the board and payment of all assessments after he ceased to be a member.

2. MANDAMUS—*firemen's pensions.* On a petition for mandamus to compel the trustees of a firemen's pension fund to enroll petitioner, where the only averment with respect to the action of the board and the matters before it is that petitioner made application to be enrolled "showing that at the time of his retirement his salary was $1,200 per annum and that he was entitled to a pension of $600 per annum," a general demurrer to the petition is improperly overruled.

3. MANDAMUS—*firemen's pensions.* A petition for mandamus does not lie where it is not shown that the board of trustees in refusing petitioner's application for a firemen's pension either exceeded or abused its powers.

4. MANDAMUS—*control of discretion.* While a writ of mandamus lies to compel a subordinate or *quasi* judicial tribunal to act where it is its duty to act, it cannot require it to decide a matter in a particular manner.

5. MANDAMUS—*decision of board of trustees on application for fireman's pension is final.* Under section 3 of the Act of 1887 as amended by the Act of 1907, the decision of the board of trustees on an application for fireman's pension is final unless subsequently set aside by the board, and its action when within the authority

and power conferred by statute cannot be reviewed on a petition for mandamus.

Error to the Circuit Court of Cook county; the Hon. John Gibbons, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded with directions. Opinion filed January 14, 1913. Rehearing denied January 28, 1913.

William H. Sexton, for plaintiff in error; Joseph F. Grossman, of counsel.

William A. Doyle, for defendant in error; Joseph J. Thompson, of counsel.

Mr. Justice Barnes delivered the opinion of the court.

Defendant in error, Calder, filed a petition for mandamus May 25, 1908, to compel the board of trustees of the fireman's pension fund of the City of Chicago forthwith to enroll his name as one of the beneficiaries thereof, and order payment of a pension of six hundred dollars per annum to him out of said fund so long as he shall live, and to require said board and other respondents to perform certain formal acts to effect such purpose. Respondents (plaintiffs in error) elected to stand by their general demurrer to said petition, and error is assigned to the order overruling said demurrer and granting the writ prayed for.

The petition sets forth that Calder was a member of the fire department of the City of Chicago from May 9, 1868, to July 5, 1884, the date of his retirement, and it is his contention that by virtue of such service he comes within the class of "retired members" provided for by section 9 of the Act approved May 13, 1887, as amended by the Act approved June 1, 1907, in force July 1, 1907 (Hurd's R. S. (Ed. 1911), chap. 24, par. 411), said action saving the benefits of said act to "retired members of the department" then entitled to pension or annuity under the provisions of the Act of May 24, 1877, as amended.

It is petitioner's theory that the term "retired members" used.in said section, includes those referred to in section 7 of said Act of May 24, 1877 (Hurd's R. S. (Ed. 1911), chap. 24, par. 388), and that petitioner comes within the purview of such section by virtue of service alone in the department for the full term of ten years.

It is apparent from examination of said section 7 that to bring the applicant within the class therein provided for, he would be required to show service for ten years, and that he had continued his membership aforesaid by (1) payment of all assessments before ceasing to be an active member; (2) compliance with all of said rules and regulations lawfully established by the board; and (3) payment of all assessments after he ceased to be a member. Averments of all these matters are essential to show that petitioner comes within the class to which he assumes to belong.

But the petition contains no averment of his compliance with the rules and regulations of the department, and sets forth inadequately the payment of all assessments. As to the latter it avers that he paid "all of the regular fees, dues and assessments while he was a member of the fire department, or of which he has been notified, or that have been brought to his attention." This averment can hardly be construed to mean that he even attempted to continue membership in the organization, or had paid any assessments since his retirement from the fire department some twenty-four years before.

And, too, if the petitioner was entitled to a pension under section 9 of the Act of 1887 as amended, it was incumbent upon him to show that he was entitled to the same when said act went into effect. His petition does not set forth facts from which that may be inferred. Said section saved the rights of only such persons as were entitled to the benefits of the Act of 1877 as amended. Whether he should also show, as con-

tended for by plaintiff in error, that he had become permanently disabled, it is unnecessary to decide.

But even if the petition set forth adequately the conditions that he must have complied with to entitle him to a pension under the statute, yet it is fatally defective in that it sets forth no facts to show that the board of trustees exceeded its powers, or even that it did not properly reject the application.

The only averment in the petition with respect to the action of the board and the matters before it, is that on August 1, 1907, petitioner made application to the board to be placed on the roll of the pension fund "showing that at the time of his retirement his salary was $1,200 per annum, and that he was entitled to a pension of six hundred dollars per annum," and that the board refused his request. In other words, the only averment as to what the board acted on is that he made an application showing a solitary fact that when he retired he drew a certain salary, and his conclusion of law that he was entitled to a pension.

It is fundamental that a petition for mandamus must show a clear right to have the thing done which it seeks to compel, and it must set forth facts and not conclusions of fact or law, showing the petitioner's right to the writ. It is equally well settled too that while such writ will lie to compel a subordinate or *quasi* judicial tribunal to act where it is its duty to act, it will not require it to decide a matter in a particular manner, as the writ in this case directs. People v. Henry, 236 Ill. 124; People v. Dental Examiners, 110 Ill. 180; People v. City of Chicago, 234 Ill. 416; People v. Webb, 256 Ill. 364.

Section 3 of the Act of 1887, as amended by the Act of 1907 (Hurd's R. S. (Ed. 1911), ch. 24, par. 405) re-enacted the provision of the Act of 1877 that the decision of the board of trustees on applications "shall be final and conclusive, and not subject to review or reversal except by the board." As held in Eddy v. People, 218 Ill. 611, said board exercised

*quasi* judicial powers, and its finding, when made, was binding upon all the world, unless subsequently set aside by said board. If it acted within the authority and power conferred by statute, its action upon the application could not be reviewed on a petition for mandamus, and it is manifest that the petition presented nothing with respect to the action of said board of trustees or the exercise of its power that conferred any authority upon the court to issue the writ.

It was for that board to decide on proof properly submitted whether there was a compliance with the conditions precedent to the applicant's right to pension,—whether he had paid the necessary assessments and complied with its rules and regulations, and whether the facts were such as to entitle him to such pension when the Act of 1887 went into effect. For aught that appears from the petition, the board may have rejected the application because of failure to comply with any of these conditions, and if petitioner, in support of his application before said board, proved no other facts than those set up in his petition, the board properly refused it. At any rate, the petition does not show that the board either exceeded or abused its powers. Without such a showing the court had no right to entertain it, much less the power to review the board's decision.

The demurrer should have been sustained, and the judgment will be reversed and the cause remanded with directions to sustain the demurrer.

*Reversed and remanded with directions.*