**Mathias Benner, Defendant in Error, v. City of Chicago et al., Plaintiffs in Error.**

**Gen. No. 17,838.**

1. MANDAMUS—*firemen's pension fund.* A petition to compel the board of trustees of a firemen's pension fund to enroll petitioner as a beneficiary, which fails to aver facts showing that the board

exceeded or abused its powers, or improperly refused his application, is insufficient.

2. PENSIONS—*board of trustees.* Whether a fireman is entitled to become a beneficiary of a pension fund is to be decided by the board of trustees and not by courts.

Error to the Circuit Court of Cook county; the HON. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded with directions. Opinion filed January 14, 1913. Rehearing denied January 28, 1913.

WILLIAM H. SEXTON, for plaintiffs in error; JOSEPH F. GROSSMAN, of counsel.

WILLIAM A. DOYLE, for defendant in error; JOSEPH J. THOMPSON, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

Defendant in error, Benner, filed a petition for mandamus May 25, 1908, to compel the board of trustees of the firemen's pension fund of the City of Chicago forthwith to enroll his name as one of the beneficiaries thereof, and to order payment to him out of said fund from the date of entry of the order of a pension of $1,800 per annum so long as he shall live. Respondents (plaintiffs in error) elected to stand by their general demurrer to said petition, and error is assigned to the order overruling said demurrer and granting the writ prayed for.

The petition is the same in form and substance as that in the Calder case *ante,* p. 313, and the judgment must be reversed for the reasons therein stated. It is enough to say, regardless of whether or not said Benner was as a matter of fact entitled to such pension, that that was a matter to be decided by the board of trustees, and not by the trial court in a mandamus proceeding. Eddy v. People, 218 Ill. 611; Hurd's R. S. (Ed. 1911), chap. 24, par. 405.

There is no averment in the petition that the board exceeded or abused its powers in refusing Benner's

application, or any statement of facts that would support such an averment.  The only averment in the petition as to the nature and contents of the application is that it showed "that at the time of his retirement his salary was $3,600 per annum, and that he was entitled to a pension of $1,800 per annum."  What was before the board for its action in refusing the application is not made to appear.  For aught that appears, the board not only did not exceed or abuse its powers, but properly refused the application.  The demurrer should have been sustained.

The judgment will, therefore, be reversed and the cause remanded with directions to sustain the demurrer.

*Reversed and remanded with directions.*