THE PEOPLE *ex rel.* Scott Bibb

*v.*

MAYOR AND COMMON COUNCIL OF THE CITY OF ALTON.

*Opinion filed April 17, 1906.*

1. APPEALS AND ERRORS—*direction to submit case to jury does not preclude directing a verdict.* A direction in the remanding order of the Supreme Court to submit the issues to another jury does not justify the trial court in refusing to direct a verdict in accordance with the law and the evidence in the case.

2. PRACTICE—*correct practice where issues of fact in mandamus proceeding in Supreme Court are certified for trial.* Where issues of fact in an original *mandamus* proceeding in the Supreme Court are made up and certified to a lower court for trial, the lower court, when a motion to direct a verdict is interposed, should apply the same rules as would apply had the suit been instituted in that court.

ORIGINAL petition for *mandamus;* issues tried in the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding.

JOHN J. BRENHOLT, for relator.

E. B. GLASS, and L. D. YAGER, for respondents.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an original proceeding in this court for a writ of *mandamus,* instituted by the relator, Scott Bibb, a colored man residing in the city of Alton, in Madison county, against the mayor and common council of the city of Alton. Issues of fact were made up and certified to the circuit court of Madison county for trial. The first verdict was in favor of the respondents. It was set aside by this court, (*People* v. *Mayor of Alton,* 179 Ill. 615,) and a second verdict was rendered in favor of respondents. That was set aside by this court, (*People* v. *Mayor of Alton,* 193 Ill. 309,) and a third verdict was returned in favor of respondents. This was set aside by this court, (*People* v. *Mayor of Alton,* 209 Ill. 461,) and the circuit court was directed to submit the issues to an-

other jury and to proceed in accordance with the views expressed in that opinion and the previous opinions filed in the case.

A statement of the issues and of the facts in the cause may be found in the opinions heretofore filed.

A fourth verdict has now been returned, which also is in favor of the respondents. We have examined the evidence heard by the fourth jury and deem it unnecessary to discuss the same. The finding of the jury is against the clear preponderance thereof and for that reason the verdict must be set aside.

At the close of all the evidence in the case, counsel for the relator moved the court to instruct the jury to find the issues for relator. This the court refused to do, and assigned as a reason for that action "that the remanding order of the Supreme Court on file in this case expressly directs that this court submit the issues to another jury, and this court is of the opinion that directing the jury what verdict it shall return is not submitting the issues to that jury." This was not a valid reason for overruling the motion. If it was, a jury could never be instructed to return a verdict for one party or the other, because in every instance where such a motion is made the issues of fact have been submitted to a jury.

Upon the next trial of the issues of fact in this case, should such a motion be interposed, the judge of the circuit court should dispose of that motion by the same rules that he would apply thereto if this suit were a suit at law originally instituted in the circuit court.

The fourth verdict certified to this court is set aside, and the circuit court of Madison county is directed to determine the issues of fact by submission to another jury, and to certify the verdict, when returned, to this court, and in the trial of the questions of fact before that jury to proceed in accordance with the law as stated in this opinion and in the earlier opinions of this court in this cause.

*Verdict set aside and new trial ordered.*