THE PEOPLE *ex rel.* Scott Bibb *vs.* THE MAYOR AND COMMON COUNCIL OF ALTON.

*Opinion filed April 23, 1908.*

1. COURTS—*law does not require Supreme Court to refer issues of fact to jury in original mandamus.* The law does not require the Supreme Court to refer to a jury the issues of fact in an original proceeding in the Supreme Court for *mandamus,* but such a course has usually been followed in order to make the practice conform, as nearly as possible, to similar cases in trial courts.

2. SAME—*constitutional right of trial by jury does not extend to original proceeding in Supreme Court.* The constitutional provision that "the right of trial by jury as heretofore enjoyed shall remain inviolate," does not confer such right in any class of cases where it had not formerly existed, nor in courts, such as the Supreme Court, which have never been provided with a jury and in which a trial by jury is an impossibility.

3. SAME—*when verdict of jury is not entitled to weight.* The fact that the same verdict has been returned by several juries upon the trial of the issues of fact in an original *mandamus* proceeding begun in the Supreme Court does not justify the Supreme Court in approving the verdict, where it is clearly against the evidence and is manifestly due to prejudice or passion upon the part of the jury.

4. SAME—*Supreme Court may ascertain the facts in an original proceeding by any satisfactory method.* In an original proceeding for *mandamus* the Supreme Court may, in its discretion, refer the issues of fact to a jury or to a commissioner, or may ascertain the facts by any satisfactory method, but a party has no right to demand a trial by jury.

5. MANDAMUS—*when Supreme Court may award a writ.* In an original *mandamus* proceeding, if the efforts of the Supreme Court to secure to the petitioner a fair trial of the issues of fact in the court to which they were referred, have been futile, and the trial judges and the juries have repeatedly held and found against the petitioner although the evidence clearly established his case and showed no valid defense, the Supreme Court may set aside the latest verdict, find the facts alleged in the petition to be proved and award a writ of *mandamus* as therein prayed.

SCOTT and FARMER, JJ., dissenting.

ORIGINAL proceeding for *mandamus;*—issues of fact tried in the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding.

JOHN J. BRENHOLT, for relator.

JOHN F. McGINNIS, Corporation Counsel, (E. B. GLASS, of counsel,) for respondents.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This proceeding was commenced by the filing in this court, in pursuance of leave granted for that purpose, of the petition of Scott Bibb for a writ of *mandamus* commanding the mayor and common council of the city of Alton to admit Minnie Bibb and Ambrose Bibb, children of the relator, to the Washington school, or the most convenient of the public schools of the said city to which they had a right to be admitted, without excluding them, or either of them, on account of their color or descent. Issues of facts were made up and certified to the circuit court of Madison county for trial. This was done in the exercise of discretion as to the

mode of trial and for the purpose of making the practice conform, as nearly as practicable, to that adopted in similar cases in trial courts, although the provisions of the statute regulating practice have no application to proceedings in this court. (*People* v. *Thistlewood,* 103 Ill. 139.) The statute provides that this court may, from time to time, institute such rules of practice as shall be deemed most conducive to the due administration of justice, except as otherwise provided by law; but no rule has been established concerning the method of trying issues of fact in *mandamus* cases, and the court has generally adopted the practice of certifying such issues to a trial court, with a direction to return a verdict to this court.

The issues in this case have been tried seven times by juries in the circuit court, and in two of them the jury disagreed. Upon the first trial where there was a verdict it was in favor of the respondents, and it was certified to this court. That verdict was set aside for manifest error prejudicial to the relator in the rulings of the court in the admission of evidence. (*People ex rel.* v. *Mayor and Common Council of Alton,* 179 Ill. 615.) There was another trial resulting in a verdict in favor of the respondents, which was set aside on account of a misdirection of the court in submitting to the jury a question of law. (*People ex rel.* v. *Mayor and Common Council of Alton,* 193 Ill. 309.) Upon another trial there was a third verdict in favor of the respondents, which this court set aside because clearly contrary to the facts proved and without any support in the evidence. It was proved at that trial, beyond dispute or controversy, that the respondents were guilty of the charge contained in the petition, and the evidence introduced by them had no tendency to prove that the intention clearly manifested by their acts did not exist. The verdict could only be accounted for as a product of passion, prejudice or hostility to the law. (*People ex rel.* v. *Mayor and Common Council of Alton,* 209 Ill. 461.) The attorney for relator

then urged that a peremptory writ should be awarded on the ground that the evidence in the record clearly showed the relator to be entitled to it. The relator, however, had not requested the circuit court to direct a verdict in his favor, and it was said that if such a motion had been made the court would doubtless have granted it. The court said that the issues were sent to the circuit court for trial in conformity with the practice governing the trial of issues of fact in actions at law before a jury, and it was not deemed advisable, in the existing condition of the record, to set aside that order. The case was sent back for another trial, and upon the next trial the attorney for relator moved the court to direct a verdict in his favor, and this the court refused to do, assigning as a reason that this court had directed that the issues be submitted to another jury. The excuse was so shallow and baseless as to justify a conclusion that it was a mere pretext to evade a compliance with the law as declared by this court, and the verdict was set aside and the circuit court directed, in the trial of the questions of fact, to proceed in accordance with the opinion then filed and the earlier opinions in the case. (*People ex rel.* v. *Mayor and Common Council of Alton,* 221 Ill. 275.) The case has been again tried, and a verdict in favor of the respondents, unsupported by any evidence, has been returned to this court. The evidence was to all intents and purposes the same as upon the former trials, and demonstrated, beyond the possibility of a doubt, that the children of relator were excluded from the Washington school, which was the most convenient of the public schools of the city to which they had the right to be admitted, and that the exclusion was solely on account of their race and color, and for no other reason whatever. The evidence for the respondents that nothing was said about schools or colored children by the mayor and council in changing the ordinances for the purpose of excluding colored children from schools attended by white children; that the intention to exclude them was not de-

233—35

clared, or that orders were never issued to the police, or that the mayor never intended the police force under his control to do what they did and what he knew they were doing, had no tendency whatever to prove that the children of the relator were not excluded by the respondents on account of their race or color. At the conclusion of the evidence the attorney for the relator moved the court to direct a verdict finding the issues in favor of the relator and presented to the court a written instruction for that purpose, but the court denied the motion and refused to give the instruction. In so doing the court erred, and the error was in a matter of law, and contrary to the law in this case as declared by this court in previous opinions filed in the case.

The attorney for respondents says that we ought to approve this verdict for the reason that the questions of fact have been tried seven times in the circuit court; that the juries have twice disagreed and five juries have decided in favor of the respondents, and all the trials have been presided over by learned judges. Great weight is justly given to the conclusion of a jury upon controverted questions of fact where the verdict appears to be the result of an honest exercise of judgment and the weighing, with fair deliberation, of the credibility of witnesses, but it is beyond dispute that this verdict, when viewed in the most favorable light for the respondents, does not represent any conclusion of the jury from the evidence, and that all of the verdicts represent nothing but a refusal by juries to enforce a law which they do not personally appprove or which is distasteful to them. In the first opinion filed in this case it was said that it might be that the wisest of both races believe that the best interests of each would be promoted by voluntary separation in the public schools, but that it is no less the duty of courts to enforce the law as it stands, without respect to race or persons. We would be remiss in our duty to enforce the law and would forfeit the respect of all law-abiding citizens if we should approve this verdict for no other reason than

because it is one of a series which represent, not the enforcement of law or the discharge of duty, but a deplorable disregard for the law and for the rights of citizens.   The verdicts have all been more offensive and dangerous assaults upon the law, the government and organized society than the utterances of individuals or societies who are opposed to all law, and which are regarded only as the sentiments of the ignorant, depraved and vicious who are the enemies of a government of laws.   These verdicts were pronounced, not by those who were avowed enemies of law and government, but by those who constituted a part of the governmental machinery for the enforcement of the law and who had been sworn to discharge their duty in that regard.   Such verdicts not only denote opposition to the enforcement of the law, but they also jeopardize the highest interests of society and individuals.   When the law, through the refusal of jurors to regard their oaths, becomes impotent to protect the rights of the humblest, the rights of no person are secure; and jurors may take heed that they obey and enforce the law, lest their refusal to enforce the law for the protection of others becomes effective to deprive them of their legal rights and substitute the beliefs of jurors and courts as to the wisdom of laws enacted for their protection.   The error of the court in refusing to direct a verdict is not obviated by the fact that there have been so many verdicts contrary to the law and the evidence.   The verdict must be set aside, and the next question is whether the issues shall be again sent to the circuit court for trial.

There is neither statutory nor constitutional provision for trial by jury in any suit or proceeding in this court. The provision of the constitution that "the right of trial by jury as heretofore enjoyed shall remain inviolate," is designed to secure the right of trial by jury in all tribunals exercising a common law jurisdiction as it had been enjoyed before the adoption of the constitution.   It does not confer such a right in any class of cases where it had not formerly

existed, nor in courts which had never been provided with a jury or accustomed to try cases by that method. (*Ward v. Farwell,* 97 Ill. 593; *Moody* v. *Found,* 208 id. 78; 24 Cyc. 104; 6 Am. & Eng. Ency. of Law,—2d ed.—974.) By the constitution this court was given original jurisdiction in *mandamus,* and in the history of the court there has never been any provision for trial by jury. A trial by jury in this court has always been, and is now, an impossibility. To send an issue of fact to another court for trial does not give to a party a trial by jury in this court, which has jurisdiction of the action. In such a trial this court can neither rule on the admission of evidence, instruct the jury as to the law, direct a verdict or perform any other function of a trial court. All those powers are exercised by a judge of the inferior court. Verdicts have been set aside in this case because the judges presiding in the circuit court decided contrary to the views of this court on the admission of evidence and in giving instructions to the jury. To hold that the constitutional provision for trial by jury applies to this court, where a jury trial never could be had, would annul the provision giving to the court original jurisdiction in *mandamus,* and it necessarily follows that no party has a right to demand that form of trial. The whole question of practice in this court has been under the control of the court, and the court may ascertain the facts in any case by any satisfactory method. Issues of fact may be referred to a commissioner or submitted to a jury, in the discretion of the court, and in actions of this character it has been the custom and practice of the court to give to parties a jury trial where practicable. In this case the effort to obtain a fair trial of the issues of fact before a jury has proved utterly futile, and upon the trial now under review the court refused to direct a verdict in passing upon a question of law raised by the motion of the relator for such a direction. It is clear that after so many trials there can be no further evidence produced by either party but that all the evidence

relating to the issues is before us.  We are of the opinion that it would be a wrong to the relator to further delay him in establishing his rights and to compel him to add to the trouble and expense already incurred in an effort to compel obedience to the law.  The verdict of the jury is set aside and the issues will not be again certified to the circuit court for trial but will now be finally disposed of.  The averments of the petition have been fully proved upon repeated trials and the evidence is preserved in the record. The evidence produced by the respondents affords no support to their answer.

We therefore find that all the material facts alleged in the petition are true as therein stated and that the relator is entitled to a writ of *mandamus* as therein prayed, and it is therefore ordered that a peremptory writ of *mandamus* issue according to the prayer of the petition, that the respondents pay the costs, and that execution issue therefor.

*Writ awarded.*

SCOTT and FARMER, JJ., dissenting:

We regard the opinions filed in this case prior to the foregoing as correctly stating the law.  We dissent from the judgment now entered because we believe this court is without power to render that judgment in the absence of the verdict of a jury in favor of relator, and we do not join in the criticisms of judges and jurors found in the majority opinion.

This proceeding was begun in this court under that provision of the constitution which confers upon the Supreme Court original jurisdiction "in *mandamus.*"  The majority opinion sets aside the verdict of the jury for the reason that it is unsupported by any evidence and directs the entry of a judgment in this court contrary to the finding of the jury.  In this case the constitution guarantees to the respondents a trial by jury.  A court of original jurisdiction (and it is in that capacity that this court determines this

cause) is without authority to set aside a verdict and enter a judgment contrary to the finding of the jury in a *mandamus* suit.

It is said by the majority that the constitutional provision that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate," does not apply in this case, because it does not confer such a right in any class of cases where it had not formerly existed, nor in a court such as this, which had never been provided with a jury or accustomed to try cases by that method. In support of that statement *Ward* v. *Farwell,* 97 Ill. 593, and *Moody* v. *Found,* 208 id. 78, are cited. In our judgment neither of those authorities has any bearing upon this question. Those cases were both cases of a kind in which the right to a trial by jury never had been enjoyed, so that the constitution had no application to them in so far as the guaranty of trial by jury is concerned. Neither of them bears in any respect upon the question as to whether or not the right to trial by jury in a common law suit is taken away where jurisdiction to try the suit is conferred upon a court which is provided with no method for securing a constitutional jury. In fact, in the *Farwell case* it is said: "Of course, it would not be competent for the legislature to defeat the right of trial by jury in common law cases by simply declaring they might be tried in courts of chancery and that the proceedings therein should conform to the proceedings in chancery causes. This would simply be an attempted evasion of the provisions of the constitution." From which the conclusion would be that conferring upon a court in which jury trials do not ordinarily obtain, the jurisdiction to try causes in which parties are entitled under the constitution to a jury trial, would not authorize that court to dispose of such causes without a jury trial.

In *People* v. *Waynesville,* 88 Ill. 469, the right of parties to a *mandamus* proceeding instituted in this court to have questions of fact determined by a jury is expressly

recognized. It is unnecessary, however, to go outside the
opinions which have been filed in this case for authority in
support of that right. Upon the issues herein being closed
they were certified to the circuit court of Madison county
for trial by jury. Upon each of four successive verdicts
being certified to this court the verdict was set aside and
an order entered directing that the questions of fact be
again submitted to a jury. When the third verdict was
certified to this court, counsel for the relator sought to
have the verdict set aside and to have a peremptory writ
awarded. In the opinion then filed, which is found in
209 Ill. 461, after stating that the verdict was contrary to
all the facts proved and without support in the evidence,
we said (p. 465) : "In such case, where the verdict clearly
appears to be unsupported by the evidence, it is the duty
of the court to set it aside and to award a new trial." And
after discussing the insistence that a peremptory writ should
be awarded, it was said : "In the present condition of the
record the verdict must be set aside and a new trial
granted;" and, as above indicated, the circuit court was
then "directed to submit the issues to another jury." In
reference to that determination it is now said in the ma-
jority opinion that the relator had not requested the circuit
court to direct a verdict in his favor, and that it was not
deemed advisable, in the then existing condition of the rec-
ord, to set aside the order submitting the issues to the cir-
cuit court for trial. It is also pointed out that in the present
instance the relator moved the court to direct a verdict in
his favor, which was denied. The only difference in the
situation of the record as it now stands and as it was when
the opinion in the 209th was written, is that here the re-
lator moved for a directed verdict, which he did not do
upon the trial reviewed in the 209th. Upon this difference
the ingenuity of counsel has not been able to found a dis-
tinction which would warrant us in now entering a judg-
ment which we then refused to enter, and no such distinc-

tion based on that difference is suggested in the foregoing opinion.

In our judgment the majority proceed on the mistaken theory that the provision conferring original jurisdiction upon this court in *mandamus* must necessarily be regarded as self-executing. If, as is stated in that opinion, the right to a jury trial, such as is contemplated by the fundamental law, cannot be enjoyed in this proceeding in this court because no method has been provided for summoning a jury and for a trial by jury presided over by us, then the provision giving us jurisdiction cannot be carried out in cases such as this without legislation to make it effective. But the absence or lack of that legislation affords no ground for taking away a right of a litigant guaranteed by another provision of the constitution. If the jurisdiction to try capital cases was conferred upon the probate court by the constitution and that court was left without the means of summoning and empaneling a constitutional jury, it would scarcely be contended that the probate judge could try a man for murder without the intervention of a jury; and yet that is the conclusion to which the logic of the majority opinion irresistibly leads. The right of the respondents to a trial by jury has been five times solemnly recognized by this court by orders entered in this case, and the existence of that right is expressly shown by the words of the opinion in the 209th. To now deny this right because juries have persisted in returning verdicts that were not supported by the evidence is, we think, simply to make a bad matter worse. Even if it were a fact that the judges of the circuit court and the juries who have tried the issues in this case had willfully disregarded their duties and denied relator his rights, that would afford no reason for this court to disturb a long established practice heretofore followed without question, in order that the alleged wrong visited upon the relator might be forthwith righted. Fixed rules of practice should not be radically altered to meet the seem-

ing emergencies of a particular case, even in the absence of constitutional considerations. No higher duty rests upon this court than to preserve inviolate the constitutional right to trial by jury. In this case respondents seem to have enjoyed a right to a provisional or experimental trial by jury. That is to say: If the jury had found for the relator the respondents would not have been deprived by this court of the right to a jury trial, but inasmuch as the jury found the other way the verdict is set aside and the judgment of this court, which is here the court of original jurisdiction, is entered against respondents without a verdict to support it.

If the majority regard the juries that can be obtained in Madison county, and the judges who preside in the circuit court in that county, as unfitted by prejudice to try the questions of fact that have been certified to that court, this court possesses the undoubted power to set aside the order sending the issues of fact to the circuit court of Madison county' for trial and to make an order submitting the same issues for trial to the circuit court of any other county in the State.