Adolph Wilke, Defendant in Error, v. W. H. Wilson et al., Plaintiffs in Error.

### Gen. No. 17,840.

1. MANDAMUS—*quasi judicial tribunals.* Courts will by mandamus compel *quasi* judicial tribunals to act where it becomes their duty to act, but not in a particular manner, nor will they review decisions of such bodies on merits where these are made final by the Acts constituting them.

2. PENSIONS—*board of trustees.* A petition for mandamus to compel the board of trustees of a firemen's pension fund to enroll petitioner as a beneficiary, which fails to aver facts showing that the board exceeded its powers or improperly refused his application, is insufficient.

3. PENSIONS—*firemen's pension fund.* The decision of the board of trustees of a firemen's pension fund on an application is made final by statute and is not subject to review except by the board.

4. MANDAMUS—*conclusions.* The averment in a petition for a writ of mandamus that petitioner "was entitled" to a certain pension is a mere conclusion.

Error to the Circuit Court of Cook county; the HON. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded with directions. Opinion filed January 14, 1913. Rehearing denied January 28, 1913.

William H. Sexton, for plaintiffs in error; Joseph F. Grossman, of counsel.

William A. Doyle, for defendant in error; Joseph J. Thompson, of counsel.

Mr. Justice Barnes delivered the opinion of the court.

Defendant in error, Wilke, filed a petition for mandamus April 21, 1909, to compel the board of trustees of the firemen's pension fund of the City of Chicago forthwith to enroll his name as one of the beneficiaries thereof, and to order payment to him out of said fund of $37.50 monthly so long as he shall live. Respondents (plaintiffs in error) elected to stand by their general demurrer to said petition, and error is assigned to the order overruling said demurrer and granting the writ prayed for.

While the facts set forth in the petition are somewhat different from those in similar petitions in the Calder and Benner cases *ante,* pp. 313, 317, held to be insufficient, yet it is defective in the same fatal particular, in that it fails to set forth any facts showing that the board of trustees of the firemen's pension fund exceeded its authority in refusing petitioner's application for a pension. What we said in those cases need not be repeated here. Said board's decision upon such application is made final by statute, and is not subject to review except by the board. Hurd's R. S. (Ed. 1911), chap. 24, par. 405; Eddy v. People, 218 Ill. 611. It clearly is not the office of a proceeding for mandamus to review decisions of *quasi* judicial tribunals on the merits of matters with respect to which these decisions are made final. The extent to which the power of the court can be exercised by mandamus is to compel such tribunal to act where it becomes its duty to act, but not in a particular manner. People v. Webb, 256 Ill. 364.

The only averment in Wilke's petition with regard to what was before the board for its consideration is,

that he had at various times made application to be placed on the pension roll, "showing that at the time of his retirement his salary was seventy-five dollars per month, and that he was entitled to a pension of $37.50 per month." The averment that he was entitled to such pension, of course, is a conclusion. His petition contains no averments ,with respect to the action of the board from which it could be determined that it exceeded its powers, or that it did not properly refuse his application, even if its action in that respect could be reviewed in a proper proceeding.

Because of the failure of the petition to show that the board had exceeded its powers in refusing petitioner's application, the demurrer should have been sustained. Its judgment, therefore, will be reversed and the cause remanded with directions to sustain the demurrer.

*Reversed and remanded with directions.*