The People of the State of Illinois ex rel. Fox Film Corporation, Appellee, v. City of Chicago and Herman F. Schuettler, Appellants.

Gen. No. 23,475.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed March 12, 1918. Rehearing denied March 23, 1918.

### Statement of the Case.

Petition by the People of the State of Illinois, on the relation of Fox Film Corporation, petitioner, against City of Chicago and Herman F. Schuettler, General Superintendent of Police of the City of Chicago, respondents, to compel the issuance of a permit to the relator to exhibit a moving picture. From a judgment for petitioner, respondents appeal.

SAMUEL A. ETTELSON, for appellants; CHESTER E. CLEVELAND and FRANK D. AYERS, of counsel.

CHARLES P. SCHWARTZ and HERBERT J. FRIEDMAN, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. THEATERS AND SHOWS, § 4*—*when question of immorality of moving picture and its tendencies is for jury.* On a petition for a writ of mandamus to compel the issuance of a permit to exhibit a moving picture where the picture was, by agreement, exhibited to the court and jury and the court stated that such exhibition made a prima facie case for the petitioner and thereupon the censor described phases of the picture and testified that the re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fusal to issue the permit. was on the ground that the picture was immoral and tended to produce an immoral effect upon the children, and the plot of the film and several of its scenes are more fully described by others connected with the censorship as presenting murder, robbery and other incidents to the immoral purposes of an unchaste woman, the question of the immorality of the picture and its tendencies is for the jury.

2. THEATERS AND SHOWS—*what considered on review in passing on refusal of permit for exhibition of moving picture by censor.* The Appellate Court, in passing upon the censor's refusal to issue a permit for the exhibition of a moving picture, does not pass only on the question whether the picture was immoral or had a harmful tendency, but also whether the refusal was an abuse of the censor's official power.

3. THEATERS AND SHOWS, § 3*—*what is function of censor of moving pictures.* The nature of the duties of a moving picture censor in passing upon the suitability of a picture for exhibition calls for an exercise of official discretion which will not be interfered with unless abused.

4. THEATERS AND SHOWS, § 4*—*when jury must find that there was an abuse of power of censor in refusing permit for moving picture.* When, on a petition for the issuance of a writ of mandamus to compel a moving picture censor to issue a permit for the exhibition of a picture, the evidence affords a basis for a diversity of opinion as to the harmful tendency of the picture, not only must the case be submitted to the jury on the question of fact so presented, but before they can find for the petitioner they must also be able to say from the evidence that there was an abuse of power in refusing the permit.

5. THEATERS AND SHOWS—*what may be reviewed on appeal in proceedings to compel issuance by censor of permit for moving picture film.* On an appeal from a judgment directing a verdict for the petitioner seeking a writ of mandamus to compel the issuance by a moving picture censor of a permit to exhibit a film, where there was no direct evidence of an abuse of power by the censor and the film, though made an exhibit, is not annexed to the record nor certified to the Appellate Court, that court cannot pass on the sufficiency of the evidence, but may, nevertheless determine whether there was any evidence tending to support the answer.

6. MANDAMUS—*when verdict should be directed for petitioner.* On a petition for a writ of mandamus, where there is evidence tending to support the respondent's answer, a verdict cannot be directed for the petitioner.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.