## Adolph Wilke, Appellee, v. City of Chicago et al., Appellants.

### Gen. No. 23,839.

1. TRIAL, § 288*—*when propositions of law are proper.* Propositions of law are proper only when a right to trial by jury exists and has been waived.

2. JURY, § 8a*—*right to trial by jury.* Proceedings brought under the Mandamus Act may be regarded as an action in which the parties are entitled to trial by jury.

3. TRIAL, § 295*—*when propositions of law are filed too late.* Propositions of law filed after the entry of a judgment in mandamus proceedings are filed too late and, hence, cannot be considered on appeal.

4. MUNICIPAL CORPORATIONS, § 143*—*when writ of mandamus to compel payment of pension is proper.* Where one had been a city fireman for upwards of 10 years, was injured in the line of his duties, and because of such injuries was compelled to resign, had paid all dues and assessments, made application for a pension, which was denied by the Fire Pension Board without allowing or permitting the applicant to present his case, or hearing any evidence whatever, and without investigating in any manner the right of applicant to a pension, the board was without any authority to deny him a pension, and a writ of mandamus to compel the payment of such pension was proper.

5. MUNICIPAL CORPORATIONS, § 143*—*saving of right of fireman to pension by Act of 1887.* The right of a city fireman to a pension under the Act of 1877 was saved to him by the provisions of the Act of 1887 (J. & A. ¶ 1888 *et seq.*).

THOMSON, J., dissenting.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed November 6, 1918.

SAMUEL A. ETTELSON, for appellants; LEON HORNSTEIN, of counsel.

WILLIAM A. DOYLE, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Adolph Wilke filed a petition for a writ of mandamus to compel the Trustees of the Firemen's Pension Fund of the City of Chicago to enroll his name as one of the pensioners, and asked that the respondents be ordered to pay him out of the fund $37.50 monthly.  To the petition the respondents filed a general demurrer, which was overruled.  They elected to stand by their demurrer, and an order was entered awarding the writ as prayed for.  An appeal was prayed and allowed to this court, but was not perfected.

Afterwards certain persons of the Chicago Fire Department, who were receiving a pension from the fund, filed a bill against the board of trustees, the petitioner and others, to restrain the further payment of a pension to them.  Demurrers were filed to the bill and sustained, and the bill dismissed.  An appeal was prosecuted to this court where the decree was affirmed. *O'Connor v. Board of Trustees of Firemen's Pension Fund of City of Chicago,* 155 Ill. App. 460.

In that case this court passed upon the merits of Wilke's claim and held that he was entitled to a pension.  A further appeal was taken to the Supreme Court where the judgment of this court was affirmed. The Supreme Court, however, did not pass upon the merits of Wilke's claim, but held that the demurrers were properly sustained, and the bill dismissed, for the reason that the judgment and order of the court in the mandamus proceeding could not be collaterally attacked.  *O'Connor v. Board of Trustees of Firemen's Pension Fund of City of Chicago,* 247 Ill. 54.

A writ of error was then sued out of this court to reverse the judgment in the mandamus proceeding. The petition was held insufficient, the judgment reversed and the cause remanded with directions to sustain the demurrer. *Wilke v. Wilson,* 176 Ill. App. 319. The cause was redocketed, and upon leave of court the

petition was amended. To the amended petition respondents interposed a demurrer, which was overruled, and they filed their answer. The cause was heard before the court on. its merits, and judgment entered awarding the writ, to reverse which this appeal is prosecuted.

Since this appeal has been pending Wilke died, and his widow has been substituted.

None of the evidence that was introduced on the trial is in the record. The judgment in this case was entered July 19, 1917, and on August 17th following, by agreement, an order was entered allowing the respondents to file propositions of law *nunc pro tunc* as of July 18, 1917. They were accordingly filed, but the court refused to pass upon them. Propositions of law are proper only where the right to a trial by jury exists and has been waived. *Grabbs v. City of Danville*, 166 Ill. 441; section 61, Practice Act (J. & A. ¶ 8598). Proceedings brought under the Mandamus Act have always been regarded as an action in which the parties are entitled to trial by jury. *People v. City of Alton*, 233 Ill. 542; *People v. Town of Waynesville*, 88 Ill. 469; *People v. City of Chicago*, 209 Ill. App. 586. But, of course, these propositions of law cannot be considered, as they were filed. too late. *Mann v. Learned*, 195 Ill. 502.

The respondents contend that the petition as amended is insufficient, in that it. failed to set forth facts which entitled Wilke to a pension. Wilke, in his petition, averred that he was 73 years old and had been a resident of Chicago for the past 64 years; that in 1852 he was a member of the volunteer Fire Department of Chicago and served as such for 7 years and 3 months, at the end of which period, January 4, 1859, he became a paid member of the Fire Department of Chicago and continued as such until the winter of 1868; that in the month of March, 1867, while he was responding to a fire alarm, he was thrown from the hose cart

which he was driving and severely injured, and was laid up for a period of about 2½ months, during which time he was under the care of physicians; that he then returned to the fire department and performed his duties until his health became such that his physician advised a furlough; that he was then out of service on furlough for a year and a half, during which time he was under the care of a physician, and that this furlough was rendered necessary on account of the injuries received in 1867; that he again resumed his duties in the fire department, September 12, 1877, and performed them until 1881; that he was again obliged, on account of the injuries he received in the accident, to discontinue his work; that at the time he retired he was receiving $75 per month; that he paid into the pension fund all the regular fees, dues and assessments required of him, or assessed against him; that he complied with all rules and regulations established by the trustees; that he never at any time received any notice from the trustees or from any one acting for them requesting payment of dues and assessments that he did not promptly pay; that because of ill health brought about by hardship and exposure while engaged in the service, and physical disability, he was in need of a pension; that at various times he made application to the trustees to be placed on the pension roll and be given a pension of $37.50 per month, but that his application was refused.

After the reversal of the case by this court (*Wilke v. Wilson, supra*), Wilke by leave of court amended his petition. In the amendment he averred that he had been in the fire department for upwards of 10 years before his retirement, and that he continued payment of all dues and assessments of which he had notice after his retirement and complied with all rules and regulations of the board; that he was denied a pension without having been allowed or permitted to present his claim; that he was at no time permitted to give evi-

dence before the board; that the board did not investigate his right to a pension; that they did not hear any evidence or statement of his case, as to the payment of dues and assessments by him, or as to his physical condition, or any other matter; that a pension was denied him by the board without any consideration. A further amendment was afterwards made by leave of court, where he averred that the Corporation Counsel of Chicago, whose duty it was to pass upon his claim, upon investigation of the merits, rendered a written opinion to the board, in which he found that Wilke had complied with all the rules and regulations and was entitled to a pension; that notwithstanding the report and opinion of the corporation counsel, and although Wilke presented himself at different meetings of the board and asked to be allowed to present his case, the board arbitrarily refused to hear him, or recognize the opinion of the corporation counsel, and denied him a pension. Other matters were averred in the amendment which took place subsequently to the filing of the original petition, which under an elementary rule of pleading cannot be considered.

Respondents, in their answer, admitted that Wilke was 73 years old and that he had been a resident of Chicago for the past 64 years; that in 1852 he commenced service in the volunteer Fire Department of Chicago and served 7 years and 3 months, but denied that he became a paid member of the fire department in 1859 and continued to act as such until 1868. The answer further denied that he was injured as averred in the petition, and also denied that he had paid his dues and assessments. They admitted that "at various times petitioner made application to be placed on the pension roll," and that the board refused to award him a pension, but averred that such refusal was after they had fully considered his case. They denied that he had been in the service for 10 years before his retirement, and there was a denial of sub-

stantially all the other averments of the petition as amended. To this answer a replication was filed and the cause was heard before the court, upon evidence presented and argument of counsel.

The court found the facts in detail, as set forth in the petition as amended; that Wilke had been a member of the fire department for upwards of 10 years; that he was injured in the line of his duties and because of such injuries he was compelled to resign; that he paid all dues and assessments; that he made application for a pension, which was denied by the board without ever having allowed or permitted Wilke to present his case, or hearing any evidence whatever, and without investigating in any manner the right of Wilke to a pension; that the board abused its discretionary powers, and that Wilke was entitled to a pension of $37.50 per month from ·January, 1913, and the writ was accordingly awarded.

When the case was before this court on the former appeal (*Wilke v. Wilson, supra*) it was said that the only averment of the petition as to what was before the board of trustees was that at various times Wilke made application to be placed on the pension roll, " 'showing that at the time of his retirement his salary was $75 per month, and that he was entitled to a pension of $37.50 per month.' The averment that he was entitled to such pension, of course, is a conclusion. His petition contains no averments with respect to the action of the board from which it could be determined that it exceeded its powers, or that it did not properly refuse his application." These defects have all been obviated by the specific finding of the trial court. We think that the facts as found by the court entitle Wilke to a pension, under the Act of 1877; that his rights were saved by the Act of 1887 (J. & A. ¶ 1888 *et seq.*), and that he was entitled to a pension when the latter Act went into effect. *O'Connor v. Board of Trustees of Firemen's Pension Fund of City of Chicago*, 155 Ill.

App. 460. As the record shows Wilke was a member of the fire department for more than 10 years, had paid all dues and assessments, was injured in the line of his duties and as a result was permanently disabled, he was entitled to a pension under the statute, and the board was without authority to deny him a pension, and the writ was therefore properly awarded. *Stiles v. Board of Trustees of Police Pension Fund of West Chicago Park Com'rs,* 281 Ill. 636.

It is also insisted that the judgment is wrong in requiring the payment of the pension from January, 1913, since the judgment order was not entered until July, 1917, as Wilke in his original petition had expressly waived all claims for any amount due him prior to the entry of the judgment. As the writ of mandamus was awarded on the original petition, we must presume that until the judgment of the court awarding the writ was set aside by this court in January, 1913, the pension was paid. We must also assume in the state of the record that there was sufficient evidence before the court to warrant the order for payment from January, 1913.

The judgment of the Circuit Court of Cook county is affirmed.

*Affirmed.*

Mr. Justice Thomson dissenting.

I am unable to concur in the foregoing opinion. The order of the trial court, directing that the writ of mandamus issue as prayed by the petitioner, contains among its findings of fact one to the effect that the Board of Trustees of the Firemen's Pension Fund had denied the petitioner's right or claim to a pension, without giving him an opportunity of presenting his claim or in any manner investigating his right to a pension and without hearing any evidence of the petitioner or any one in his behalf.

The law under which the petitioner seeks a pension at the hands of the Board of Trustees of the Fire-

men's Pension Fund provides that the said board "shall hear and decide all applications for relief under this act, and its decisions on such applications shall be final and conclusive and not subject to review or reversal except by the board." Section 3, Firemen's Pension Act, Hurd's Rev. St. 1908, 398 (J. & A. ¶ 1890).

Under this provision it becomes the duty of the board of trustees to "hear and decide" a petition for a pension, whenever one may be presented, but under the law the board is left to its discretion as to how it shall decide any application for a pension. Under the finding of fact made by the trial court as quoted above, it would have been proper to enter an order directing that a writ of mandamus issue commanding the board of trustees to "hear and decide" the case in question, but it was error, in my judgment, to direct that a writ of mandamus issue commanding said board to decide the case as specified in the court's order. In *People v. State Board of Dental Examiners*, 110 Ill. 180, our Supreme Court said: "A subordinate body can be directed to act, but not how to act, in a matter as to which it has the right to exercise its judgment.    *    *    * Where a subordinate body is vested with power to determine a question of fact, the duty is judicial, and though it can be compelled by mandamus to determine the fact, it cannot be directed to decide it in a particular way, however clearly it be made to appear what the decision ought to be." The following decisions are to the same effect. *McCann v. Harris*, 114 Ill. App. 308; *County of St. Clair v. People*, 85 Ill. 396, 401; *People v. City of Chicago*, 234 Ill. 416, 421; *People v. Henry*, 236 Ill. 124, 127; *People v. Webb*, 256 Ill. 364, 373.

Additional reason is furnished for following and applying this rule in a case, such as the one at bar, in which the statutes creating and prescribing the duties and functions of the board of trustees provide that their decisions on applications for a pension "shall be final and conclusive, and not subject to review or re-

versal except by the board." *Eddy v. People,* 218 Ill. 611, 615, 616; *Calder v. City of Chicago,* 176 Ill. App. 313, 316, 317; *Benner v. City of Chicago,* 176 Ill. App. 317, 318; *Wilke v. Wilson,* 176 Ill. App. 319, 321. *O'Connor v. Board of Trustees of Firemen's Pension Fund of City of Chicago,* 247 Ill. 54, contains nothing to the contrary.

The fact as recited by the trial court in its order, that the Corporation Counsel of the City of Chicago may have submitted an opinion to the board of trustees to the effect that the petitioner was entitled to the pension for which he had applied, does not alter the situation. *People v. Board of Trustees of Firemen's Pension Fund,* 95 Ill. App. 300, 302.

For this reason, I am of the opinion that the order appealed from should be reversed.